FILED

**AKIN GUMP STRAUSS HAUER & FELD LLP**
GREGORY W. KNOPP (SBN 237615)
MARK R. CURIEL (SBN 222749)
GALIT A. KNOTZ (SBN 252962)
gknopp@akingump.com
mcuriel@akingump.com
gknotz@akingump.com
2029 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone:   310-229-1000
Facsimile:   310-229-1001

Attorneys for Defendant STARBUCKS
CORPORATION

2012 SEP -7  PM 12: 45

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS TROESTER, on behalf of himself, and all others similarly situated,<br><br>                Plaintiffs,<br><br>    v.<br><br>STARBUCKS CORPORATION, a Washington corporation; and DOES 1-50, inclusive,<br><br>                Defendants. | Case No. **CV 12-7677** — DSF (PLAx)<br><br>**CLASS ACTION**<br><br>**STARBUCKS CORPORATION'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(D)(2), 1441, 1446, AND 1453**<br><br>*[Filed Concurrently with Declarations of Jana Rutt and Mark R. Curiel; Notice of Interested Parties; Notice of Related Cases; Civil Cover Sheet]*<br><br>Date Action Filed:  August 6, 2012<br><br>*(Los Angeles County Superior Court, No. BC489781)* |

103660117

1    TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

2 CENTRAL DISTRICT OF CALIFORNIA:

3    PLEASE TAKE NOTICE that defendant Starbucks Corporation ("Starbucks")

4 hereby removes to this Court the state court action described below, pursuant to 28

5 U.S.C. §§ 1332(d)(2), 1441, 1446, and 1453.  In support thereof, Starbucks states as

6 follows:

7    1.    On August 6, 2012, a putative class action was commenced and is currently

8 pending against Starbucks in the Superior Court of California, County of Los Angeles,

9 as Case No. BC489781, entitled *Douglas Troester, on behalf of himself, and all others*

10 *similarly situated, Plaintiffs, vs. Starbucks Corporation, a Washington Corporation; and*

11 *DOES 1-50, inclusive, Defendants.*  On August 10, 2012, Starbucks was served with the

12 complaint.  *See* Declaration of Mark R. Curiel in Support of Starbucks Corporation's

13 Notice of Removal of Action Pursuant to 28 U.S.C. §§ 1332(d)(2), 1441, 1446, and

14 1453 ("Curiel Decl.") ¶ 2.  Attached as **Exhibit A** to the Curiel Declaration is a true

15 copy of the Notice of Service of Process, Summons, Complaint, Notice of Case

16 Assignment, ADR Information Package, and Voluntary Efficient Litigation Stipulations.

17 *See* Curiel Decl., ¶ 2.  Attached as **Exhibit B** to the Curiel Declaration is a true

18 conformed copy of Starbucks Answer to the Complaint, filed in Los Angeles County

19 Superior Court on September 6, 2012.  *See* Curiel Decl., ¶ 3.  There have been no

20 further proceedings in case number BC489781, and no other pleadings have been filed

21 and served upon Plaintiff or Starbucks in this action.  *See* Curiel Decl., ¶ 4.

22    2.    Plaintiff Douglas Troester is a former Starbucks employee who worked for

23 a Starbucks store in Burbank, California.  Complaint, ¶ 5.  He asserts claims for

24 violation of California wage and overtime laws based on alleged off-the-clock work

25 performed during store closing procedures, failure to provide accurate wage statements,

26 failure to pay all final wages upon termination, and violation of the California unfair

27 competition laws and declaratory relief.  *See* Complaint, ¶¶ 9-11, 32-69.  Plaintiff

28

103660117

1 purports to bring these claims on behalf of a putative class that includes all persons,

2 except store managers, employed by Starbucks in California who performed off-the-

3 clock work during store closing procedures. *See* Complaint, ¶¶ 10-12.[1]

4     3.    The Complaint and Summons were served on August 10, 2012. *See* Curiel

5 Decl. ¶ 2 & Exh. A.  Starbucks Notice of Removal is timely because it is filed within

6 thirty (30) days of that service. *See* 28 U.S.C. § 1446(b).

7     4.    Under 28 U.S.C. § 1441(a), a defendant may remove to federal district

8 court "any civil action brought in a State court of which the district courts of the United

9 States have original jurisdiction."  Because the above-described action is a civil action

10 of which this Court has original jurisdiction, for the reasons set forth below, it may be

11 removed to this Court.

12     5.    **Diversity Jurisdiction**.  This Court has diversity jurisdiction over

13 Plaintiff's action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §

14 1332(d).  Under CAFA, federal district courts have original jurisdiction over a class

15 action if (1) it involves 100 or more putative class members, (2) any class member is a

16 citizen of a state different from any defendant, and (3) the aggregated amount in

17 controversy exceeds $5 million (exclusive of costs and interest). *See* 28 U.S.C. §§

18 1332(d)(2), d(5), and (d)(6).

19     6.    **Class Size**.  The putative class exceeds 100 members. *See* Complaint, ¶14;

20 Declaration of Jana Rutt in Support of Notice of Removal of Action ("Rutt Decl.") ¶ 9.

21     7.    **Diversity of Citizenship Under CAFA**.  "[U]nder CAFA, complete

22 diversity is not required; 'minimal diversity' suffices." *Serrano v. 180 Connect, Inc.*,

23 478 F.3d 1018, 1021 (9th Cir. 2007).  Minimal diversity exists if any class member is a

---

[1] Class definitions that require a merits-based determination, like the one Plaintiff proposes, are not appropriate. *See, e.g., Hagen v. City of Winnemucca*, 108 F.R.D. 61, 63 (D. Nev. 1985). *See also* Manual for Complex Lit. 4th § 21.222 (an order "defining a class should avoid subjective standards . . . or terms that depend on resolution of the merits").

1  citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2). At all relevant

2  times, there has been diversity of citizenship between the parties to the action.[2]

3        8.      Starbucks is informed and believes that Plaintiff, at the time this action was

4  commenced, was and is a citizen and resident of the State of California. *See* Complaint

5  ¶ 5; Rutt Decl. ¶ 11; *Albrecht v. Lund*, 845 F.2d 193, 194-95 (9th Cir. 1988) (finding

6  citizenship requirement satisfied where plaintiff's complaint contained allegations

7  consistent with diversity and plaintiff failed to contest the petition for removal).

8        9.      Starbucks is not a citizen of the State of California. "[A] corporation shall

9  be deemed to be a citizen of any State by which it has been incorporated and of the State

10 where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). Starbucks is

11 not incorporated in California. Rather, at the time this action was commenced,

12 Starbucks was and is a corporation organized and incorporated under the laws of the

13 State of Washington. *See* Complaint ¶ 6; Rutt Decl., ¶ 2. Nor is California the state in

14 which Starbucks has its principal place of business. Rather, as shown below, Starbucks

15 principal place of business is located in the state of Washington.

16       10.     The Supreme Court has explained that a corporation's principal place of

17 business is determined under the "nerve center" test. *See Hertz Corp. v. Friend*, 130

18 S.Ct. 1181, 1192 (2010). Under the "nerve center" test, the principal place of business

19 is the state where "a corporation's officers direct, control, and coordinate the

20 corporation's activities." *Id*. The Supreme Court further explained in *Hertz* that a

21 corporation's nerve center "should normally be the place where the corporation

22 maintains its headquarters" and that a corporation's nerve center is a "single place." *Id*.

23 at 1192-93. Relevant factors include where executives reside and maintain offices,

24 where administrative and financial offices are located, where the board of directors

25 meets, where income tax returns are filed, and where day-to-day control over the

26

27       [2] Plaintiff alleges that every individual putative class member's damages are under $75,000.
   Complaint, ¶ 3. Even if true, this allegation bears no significance because the $75,000 threshold is not
28 applicable to a removal under CAFA. *Cappuccitti v. DirecTV, Inc.*, 623 F.3d 1118 (11th Cir. 2010).

STARBUCKS CORPORATION'S NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1332(D)(2), 1441, 1446, AND 1453

103660117

1  company is executed. *AHTNA Government Services v. 52 Rausch, LLC.*, No. C 03-

2  00130 SI, 2003 WL 403359 (N.D. Cal. Feb. 19, 2003); *State Farm Fire & Casualty Co.*

3  *v. Byrd*, 710 F. Supp. 1292, 1293 (N.D. Cal. 1989).

4      11.    Under these criteria, Starbucks principal place of business is in

5  Washington.  Starbucks maintains its corporate headquarters in Seattle, Washington.

6  Rutt Decl., ¶ 2.  Starbucks executive officers, including the chairman, president, chief

7  financial officer, executive vice-presidents, and general counsel, maintain their offices at

8  Starbucks headquarters in Seattle, Washington.  Rutt Decl., ¶ 3.  From its headquarters

9  in Washington, the Company manages day-to-day operations, including determining and

10  implementing company-wide policy regarding human resources, marketing, finance,

11  accounting, income tax, product distribution, and legal issues.  Rutt Decl., ¶ 4.

12  Meetings of Starbucks Board of Directors and stockholders take place in the state of

13  Washington.  Rutt Decl. ¶ 5.  In addition, Starbucks financial records are maintained in

14  Washington, and the Company's tax returns are filed from the executive offices in

15  Washington.  Rutt Decl., ¶¶ 6-7.

16      12.    Accordingly, this action is between citizens of different states—Plaintiff,

17  who is a citizen of California, and Starbucks, which is a citizen of Washington.

18      13.    **Amount in Controversy Under CAFA**.  Starbucks avers, for purposes of

19  this Notice only, that Plaintiff's claims place more than $5 million in controversy.[3]

20      14.    Although Plaintiff alleges that her claims amount to less than $5 million

21  (*see* Complaint, ¶ 3), this case still meets the jurisdictional requirements for removal

22  because it is certain that there is, in fact, more than $5 million in controversy.  In

23  *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994 (9th Cir. 2007), the Ninth

24  Circuit established a defendant's burden of proof for showing the amount in controversy

25  in a CAFA diversity case where, as here, a plaintiff pleads damages of less than the

26

27  [3] A defendant may make the requisite showing by setting forth additional facts in the notice of removal or by affidavit.  *See Lamke v. Sunstate Equipment Co., LLC*, 319 F. Supp. 2d 1029, 1032 (N.D. Cal. 2004).

28

103660117

1    jurisdictional amount. *Id.* at 998-99. The *Lowdermilk* court acknowledged that while a

2    plaintiff is the "master of her complaint and can plead to avoid federal jurisdiction,"

3    such discretion is not absolute and may be overcome by a showing to a "legal certainty"

4    that jurisdiction exists. *Id.* Thus, *Lowdermilk* makes clear that a plaintiff's allegation is

5    not dispositive of the amount in controversy. Rather, it simply triggers the "legal

6    certainty" standard against which the defendant's evidence is judged. *Id. See, e.g.,*

7    *Lara v. Trimac Transp Serv. (Western) Inc.*, No. CV 10-4280-GHK (JCx), 2010 WL

8    3119366 (C.D. Cal. Aug. 6, 2010) (defendant may remove case even where plaintiff

9    limits recovery in the complaint to under the jurisdictional minimum if it is certain that

10   the amount in controversy is nonetheless over the jurisdictional minimum); *Collins v.*

11   *Guitar Center, Inc.*, Nos. 09md2121, 10cv755-LAB (POR), 2010 WL 2682760, at *1-3

12   (S.D. Cal. July 2, 2010) (finding defendant established with certainty that amount in

13   controversy in wage and hour case exceeded $5 million where named plaintiff

14   specifically disclaimed all recovery over $4,999,999).

15        15.    Here, it is a legal certainty that the amount in controversy surpasses $5

16   million. For his Third Cause of Action, Plaintiff alleges that Starbucks owes penalties

17   for having failed to pay all wages to employees upon the end of their employment, as

18   required by Section 203 of the California Labor Code. *See* Complaint, ¶¶ 52-62. Under

19   Section 203, former employees whom an employer willfully denied wages may recover

20   penalties in the amount of their daily rate of pay for a period of up to thirty days. *See*

21   Cal. Lab. Code § 203. Plaintiff alleges that Starbucks "applied centrally devised

22   policies and practices" that resulted in class members performing work off the clock

23   during closing shifts. Complaint, ¶¶ 32-34. Thus, under Plaintiff's theory, all non-

24   exempt California employees who worked closing shifts (except store managers) were

25

26

27

28

STARBUCKS CORPORATION'S NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1332(D)(2), 1441, 1446, AND 1453

103660117

1   paid less than they are owed, and therefore any of these individuals who are former
2   employees are owed Section 203 penalties. *See* Complaint, ¶¶ 12, 59-61.[4]

3        16.    Starbucks has employed more than 50,000 individuals in the non-exempt
4   barista position in California stores since August 6, 2009. Rutt Decl., ¶ 9. Of those
5   individuals, more than 25,000 are no longer employed with the company. *Id.* Thus,
6   Plaintiff's putative class potentially includes more than 25,000 individuals who could
7   recover Section 203 penalties under Plaintiff's claim. These individuals earned at least
8   $8.00 per hour, the minimum wage in California as of August 6, 2009.[5] Rutt Decl.,
9   ¶ 10. Because these individuals typically worked at least four hours per day, their
10  average daily rate of pay is at least $32.00. *Id.* Accordingly, a 30-day penalty would be
11  at least $960 per person. Many baristas work closing shifts and, even if only *one-fourth*
12  of these former employees ever worked a closing shift, the amount of Section 203
13  penalties in controversy still exceeds $5 million. Rutt Decl. ¶ 12.

14       17.    Thus, without even considering other store positions or Plaintiff's claims
15  for other wages and penalties or her claim for attorneys' fees, the amount in controversy
16  clearly exceeds the jurisdictional threshold. *See Lowermilk*, 479 F.3d at 1000 (attorneys
17  fees are included in the amount in controversy in a class action) (citations omitted).

18       18.    There are no grounds that would justify this Court in declining to exercise
19  its jurisdiction pursuant to 28 U.S.C. § 1332(d)(3) or require it to decline to exercise
20  jurisdiction pursuant to 28 U.S.C. § 1332(d)(4).

21       19.    **Venue**. The United States District Court for the Central District of
22  California is the judicial district embracing the place where Case No. BC489781 was

26       [4] A three-year statute of limitations applies to claims brought pursuant to Section 203. *See*
    Complaint, ¶12; *Pineda v. Bank of America, N.A.*, 50 Cal. 4th 1389, 1395-96 (2010).
27       [5] The California Department of Labor Standards Enforcement website indicates that the
    minimum wage in effect as of January 1, 2008 is $8.00. *See*
28  http://www.dir.ca.gov/dlse/FAQ_MinimumWage.htm (September 4, 2012).

6

103660117

1  filed by Plaintiff and is therefore the appropriate court for removal pursuant to 28

2  U.S.C. § 1441(a).

3        WHEREFORE, Starbucks requests that the above action now pending against it

4  in the Superior Court of California, County of Los Angeles, be removed to this Court.

5

6  Dated:  September 7, 2012           **AKIN GUMP STRAUSS HAUER &**

                                       **FELD LLP**

7                                      GREGORY G. KNOPP

8                                      MARK R. CURIEL

                                    GALIT A. KNOTZ

9

10                              By_____

                                       Mark R. Curiel

11                              Attorneys for Defendant Starbucks

                            Corporation

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STARBUCKS CORPORATION'S NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1332(D)(2), 1441, 1446, AND 1453

103660117

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is: 2029 Century Park East, Suite 2400, Los Angeles, California 90067.  September 7, 2012, I served the foregoing document(s) described as: **STARBUCKS CORPORATION'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§1332(D)(2), 1441,1446, AND 1453** on the interested party(ies) below, using the following means:

| | |
|---|---|
| Shaun Setareh | David Spivak |
| Hayley Schwartzkopf | The Spivak Law Firm |
| Law Offices of Shaun Setareh | 9454 Wilshire Boulevard, Suite 303 |
| 9454 Wilshire Boulevard, Penthouse | Beverly Hills, CA  90212 |
| Beverly Hills, CA  90212 | Telephone: (310) 499-4730 |
| Telephone : (310) 888-7771 | Facsimile:  (310) 499-4739 |
| Facsimile :  (310) 888-0109 | |

Louis Benowitz
Law Offices of Louis Benowitz
9454 Wilshire Boulevard, Penthouse
Beverly Hills, CA  90212
Telephone : (310) 888-7771
Facsimile :  (310) 888-0109

☐ BY UNITED STATES MAIL  I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at Los Angeles, California.

☐ BY OVERNIGHT DELIVERY  I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the respective address(es) of the party(ies) stated above.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☒ BY MESSENGER SERVICE  I served the documents by placing them in an envelope or package addressed to the respective address(es) of the party(ies) stated above and providing them to a professional messenger service for service.

☐ BY OVERNIGHT DELIVERY  I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the respective address(es) of the party(ies) stated above.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☒ (FEDERAL)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 7, 2012, at Los Angeles, California.

Robin-lyn Mendick
[Print Name of Person Executing Proof]                    [Signature]

PROOF OF SERVICE

103660117