# DECLARATION OF CECELIA CERNA

## DECLARATION OF CECELIA CERNA

I, Cecelia Cerna, hereby declare as follows:

1.      I am currently employed by Starbucks as a store manager at the Devonshire and I-405 store in Mission Hills, California.  I was the store manager at the Hollywood Way store in Burbank, California from August 2008 to January 2010.  I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently to those facts under oath.

2.      Douglas Troester worked as a shift supervisor at the Hollywood Way store when I was the manager there.  Troester never complained to me about not being paid for the time that he worked nor has any other store employee informed me that Troester was not paid for time worked.  If Troester ever performed work while not clocked in, he should have recorded that time in the Punch Communication Log.

3.      I am not aware of Troester ever bringing in patio furniture, letting employees back into the store, or waiting with other employees for rides after clocking out on his closing shifts.  Sometimes just to be friendly, an employee will wait with a coworker for his or her ride home after closing the store, but employees are not required to do so.  I never asked Troester, or anyone else, to wait with coworkers for their rides.

4.      Attached hereto as **Exhibit B** is a true and correct copy of the store's Punch Communication Log for the week of October 20, 2008 to October 26, 2008.  Seven lines from the bottom of Exhibit B is an entry for "Doug Troester" dated "10/25".  As Troester's former manager, I am familiar with his handwriting, and I recognize the handwriting in this entry as Troester's.  In the description box of this entry, Troester writes "Correcting wrong time punch."  This description means that the times recorded in the electronic punch system should be manually edited to reflect the correct in and out times.

5.      Attached hereto as **Exhibit C** is a true and correct copy of the store's Punch Communication Log for the week of November 3, 2008 to November 9, 2008.  Four lines from the top of Exhibit C is an entry for "Douglas R Troester" dated "11/05".  I

1  recognize the handwriting in this entry as Troester's.  In the description box of this

2  entry, Troester writes, "adjustment for P/U Prod."  This description means that

3  Troester's "out" punch should be manually edited because Troester picked up product

4  for the store after he clocked out on the electronic punch system.

5        6.     Attached hereto as **Exhibit D** is a true and correct copy of the store's Punch

6  Communication Log for the week of March 2, 2009 to March 8, 2009.  Seven lines from

7  the top of Exhibit D is an entry for "Douglas Troester" dated "03/05".  I recognize the

8  handwriting in this entry as Troester's.  In the description box of this entry, Troester

9  writes, "On-time – Helping Guest first."  This description means that Troester's "in"

10  punch should be manually edited because Troester helped a customer before he clocked

11  in on the electronic punch system.

12        7.     Attached hereto as **Exhibit E** is a true and correct copy of the store's Punch

13  Communication Log for the week of December 7, 2009 to December 13, 2009.  The top

14  line of Exhibit E contains an entry for "Doug Troester" dated "12/9".  I recognize the

15  handwriting in this entry as Troester's.  In the description box of this entry, Troester

16  writes, "P/U Product."  This description means that Troester's "out" punch should be

17  manually edited because Troester picked up product for the store after he clocked out on

18  the electronic punch system.

19       I certify under penalty of perjury under the laws of the United States that the

20  foregoing is true and correct.

21       Executed this 20th day of December, 2013 at Mission Hills, California.

22

23

24                               Cecelia Cerna

25

26

27

28