| | |
|---|---|
| 1 | **AKIN GUMP STRAUSS HAUER & FELD LLP** |
| 2 | GREGORY W. KNOPP (SBN 237615)<br>MARK R. CURIEL (SBN 222749) |
| 3 | JONATHAN P. SLOWIK (SBN 287635)<br>gknopp@akingump.com |
| 4 | mcuriel@akingump.com<br>jpslowik@akingump.com |
| 5 | 2029 Century Park East, Suite 2400<br>Los Angeles, CA 90067 |
| 6 | Telephone:   310-229-1000<br>Facsimile:   310-229-1001 |
| 7 | Attorneys for Defendant Starbucks Corporation |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS TROESTER, on behalf of himself, and all others similarly situated,<br><br>                              Plaintiffs,<br><br>     v.<br><br>STARBUCKS CORPORATION, a Washington corporation; and DOES 1-50, inclusive,<br><br>                              Defendants. | Case No. 2:12-cv-07677-GAF-PJW<br><br>[Honorable Gary A. Feess]<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT STARBUCKS CORPORATION'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION**<br><br>Date:       February 10, 2014<br>Time:       9:30 a.m.<br>Crtrm:      740<br><br>[Notice of Motion and Motion, Separate Statement of Undisputed Facts, and Compendium of Evidence]<br><br>Judge:       Hon. Gary A. Feess<br><br>Date Action Filed: August 6, 2012 |

[PROPOSED] ORDER GRANTING DEFENDANT STARBUCKS CORPORATION'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION

105785992

1     On February 10, 2014, at 9:30 a.m. in Courtroom 740 of the above-entitled Court, defendant Starbucks Corporation's Motion for Summary Judgment Or, in the Alternative, Summary Adjudication came on for hearing before this Court.  The parties appeared through their counsel of record.

    After considering all of the papers filed herein, the authorities submitted by counsel, as well as counsel's oral argument, no genuine of material fact appearing, and good cause appearing therefore, Starbucks Motion for Summary Judgment is **HEREBY GRANTED** in its entirety, and Plaintiff's claims are dismissed with prejudice, for the following reasons:

    1.   Troester's claim that Starbucks violated the California Labor Code by failing to pay Troester for all time worked fails as a matter of law because the amount of alleged unpaid time is trivial and Starbucks could not feasibly capture the time at issue; thus, the alleged unpaid time is *de minimis*. *Lindow v. United States*, 738 F.2d 1057, 1063 (9th Cir. 1984); *Cervantez v. Celestica Corp.*, 618 F. Supp. 2d 1208, 1218-19 (C.D. Cal. 2009); DLSE Enforcement Policies & Interpretations Manual § 46.6.4. *See, e.g., Gillings v. Time Warner Cable LLC*, No. CV 10-5565-AG(RNBx), 2012 WL 1656937, at *4 (C.D. Cal. Mar. 26, 2012) (time spent booting up computer *de minimis*); *Waine-Golston v. Time Warner Entm't Advance/New House P'ship*, No. 11cv1057-GPB(RRB), 2013 WL 1285535, at *6 (S.D. Cal. Mar. 27, 2013) (same).

    2.   Troester's claim that Starbucks violated the California Labor Code by failing to pay Troester for all time worked fails as a matter of law to the extent it is based on time spent allowing co-workers to reenter the store to retrieve coats or waiting outside the store with co-workers for their rides, because Troester chose to engage in these activities on his own time, without any prompting from Starbucks.  Hence, the was not subject to Starbucks control at the time he engaged in these activities. *See Morillion v. Royal Packing Co.*, 22 Cal. 4th 575, 578 (2000); Cal. Code Regs. tit. 8, § 11050(2)(K). *See also, e.g., Alonzo v. Maximus, Inc.*, 832 F. Supp. 2d 1122, 1129

1

[PROPOSED] ORDER GRANTING DEFENDANT STARBUCKS CORPORATION'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION

105785992

1  (C.D. Cal. 2011) (time spent in office before shift not compensable under California law
2  where employer suggested, but did not require, that employees arrive early); *Porch v.
3  Masterfoods, USA, Inc.*, 685 F. Supp. 2d 1058, 1071-72 (C.D. Cal. 2008) (meal time not
4  compensable under California law where employer encouraged, but did not require,
5  employees to eat on employer's premises); *Overton v. Walt Disney Co.*, 136 Cal. App.
6  4th 263, 271 (2006) (time spent commuting to site in employer's bus not compensable
7  under California law because employer did not require that employees take bus).

8      3.    Troester's claim that Starbucks violated the California Labor Code by
9  failing to pay Troester for all time worked fails as a matter of law to the extent it is
10 based on time spent off-the-clock retrieving patio furniture, waiting with co-workers for
11 their rides, and letting co-workers back inside to retrieve coats, because Starbucks had
12 no actual or constructive knowledge about this time. Thus, it did not "suffer or permit"
13 that work. *See White v. Starbucks Corp.*, 497 F. Supp. 2d 1080, 1083 (N.D. Cal. 2007)
14 (plaintiff's off-the-clock claim failed because he chose not to use Starbucks procedures
15 for reporting time worked while off-the-clock); *Koike v. Starbucks Corp.*, No. C 06-
16 3215 VRW, 2008 WL 7796650, at *4-6 (N.D. Cal. June 20, 2008) (same); *Forrester v.
17 Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981) (summary judgment for
18 employer on off-the-clock claim where plaintiff failed to record the time allegedly
19 worked).

20     4.    Troester's claim that Starbucks violated the California Labor Code by
21 failing to provide accurate wage statements fails as a matter of law because it is
22 derivative of his derivative of his off-the-clock claim. *See Waine-Golston*, 2013 WL
23 1285535, at *12 ("Since the Court grants Defendant's motion for summary judgment
24 concerning the logging in and off claim, the Court must also grant Defendant's motion
25 for summary judgment on the [derivative] inaccurate wage statement claim.").

26     5.    Troester's claim that Starbucks violated the California Labor Code by
27 failing to provide accurate wage statements fails as a matter of law because it is barred
28

2

by the statute of limitations. Cal. Civ. Proc. Code § 340; *see Elliot v. Spherion Pac. Work, LLC*, 572 F. Supp. 2d 1169, 1179 (C.D. Cal. 2008) (dismissing wage statement claim where only alleged inaccurate pay statements were issued more than year before filing complaint).

6. Troester's claim that Starbucks violated the California Labor Code by willfully failing to timely pay all final wages fails as a matter of law because it is derivative of his off-the-clock claim. *See Waine-Golston*, 2013 WL 1285535, at *12 (granting summary judgment for employer on claim for waiting time penalties because underlying claim for off-the-clock work failed as a matter of law).

7. Troester's claim that Starbucks violated the California Labor Code by willfully failing to timely pay all final wages fails as a matter of law because Starbucks has presented several good faith defenses to his claim for unpaid wages. Therefore, any failure to timely pay final wages was not willful, because a good faith dispute exists regarding whether any additional wages were due. *Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1203 (2008) (plaintiff must prove that failure to timely pay final wages was willful); Cal Code Regs. tit 8, § 13520(a) (failure to timely pay final wages is not willful when there is "a good faith dispute that any wages are due"); *Choate v. Celite Corp.* 215 Cal. App. 4th 1460, 1468 (2013) (employer's reasonable defense to unpaid wages claim creates good faith dispute and precludes finding of willfulness, even if defense is ultimately rejected).

8. Troester's claim under the Unfair Competition Law fails as a matter of law because the underlying alleged violations on which he bases this claim fail as a matter of law. *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 183 (1999); *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1203 (9th Cir. 2001) (affirming summary judgment in favor of defendant on UCL claim because UCL "does not give a plaintiff license to 'plead around' the absolute bars to relief contained in other possible causes of

action by recasting those causes of action as ones for unfair competition") (quoting *Cel-Tech*, 20 Cal. 4th at 182).

9.  Troester's claim for injunctive relief fails as a matter of law because as a former employee, Troester lacks standing to seek an injunction. *See, e.g., Milligan v. Am. Airlines, Inc.*, 327 F. App'x 694, 696 (9th Cir. 2009) (former employee lacks standing to seek injunctive relief because she "cannot show that she faces a 'real or immediate threat of irreparable injury' by [employer's] employment practices") (quoting *Clark*, 259 F.3d at 1007); *accord Dukes v. Wal-Mart, Inc.*, 509 F.3d 1168, 1189 (9th Cir. 2007); *Walsh v. Nev. Dept. of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006).

**IT IS SO ORDERED.**

Dated_____, 2014   By_____
                                           Hon. Gary A. Feess

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2029 Century Park East, Suite 2400, Los Angeles, California 90067. On December 30, 2013, I served the foregoing document(s) described as:

**[PROPOSED] ORDER GRANTING DEFENDANT STARBUCKS CORPORATION'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

on the interested party(ies) below, using the following means:

**All parties identified for Notice of Electronic Filing generated by the Court's CM/ECF system under the referenced case caption and number**

☒ BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 30, 2013 at Los Angeles, California.

Carmen M. Ayala
[Print Name of Person Executing Proof]    [Signature]

PROOF OF SERVICE

105785992