Page 1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DOUGLAS TROESTER, on )
behalf of himself and )
all others similarly )
situated, ) Case No.
    Plaintiffs, ) 2:12-cv-07677-GAF-PJW
    VS. )
STARBUCKS CORPORATION, a )
Washington Corporation; )
and DOES 1-50, inclusive, )
    Defendants. )
_____)

    Deposition of JANA RUTT, the witness, taken on behalf of the Plaintiff, on Wednesday, January 8, 2014, 10:10 A.M. at 9454 Wilshire Boulevard, Suite 711, Beverly Hills, California 90212, before GINA M. CLOUD, CSR No. 6315, pursuant to NOTICE.

PAGES 1 - 91

```
                                                         Page 50
 1      BY MR. SETAREH:
 2          Q.   I'm trying to understand why you think that
 3      this time is not compensable?
 4               MR. KNOPP:   Objection, asked and answered,
 5      several times.
 6               THE WITNESS:   I don't think it's work time.
 7      BY MR. SETAREH:
 8          Q.   And why not?
 9               MR. KNOPP:   Objection, asked and answered.
10               THE WITNESS:   We've previously talked about
11      those things that were considered work time.  I
12      think once they've locked the door and they're
13      leaving the premises and walking to their car, I
14      don't believe that's work time.  I wouldn't expect
15      to get compensated to walk to my car.
16      BY MR. SETAREH:
17          Q.   Remember Exhibit 1, isn't this part of the
18      Store Operations Manual, this document that we're
19      looking at, Exhibit 7?
20          A.   Exhibit 6 is part of a training program for
21      shift supervisors, listed at the bottom, shift
22      supervisor 100.
23          Q.   When they receive the employee handbook,
24      you're telling them that if they don't follow the
25      policies, they're subject to discipline or
```

Page 51

1   determination, correct?
2         A.    Correct, but this is a training manual.
3         Q.    So you're telling me, let's say if I forgot
4   to upload the data at the end of the day.  Would I
5   be subject to discipline if I failed to do that?
6               MR. KNOPP:  Objection, beyond the scope of
7   the designation, lack of foundation.
8               THE WITNESS:  So I would state that in the
9   service of the business, uploading the data is part
10  of their job duties and responsibilities.  It's
11  contained in the Store Operations Manual and there
12  could be some sort of coaching, and if done multiple
13  times, potentially some sort of disciplinary action,
14  but again, I'm sort of hypothesizing what might
15  occur.
16  BY MR. SETAREH:
17        Q.    As an HR representative, isn't it part of
18  your duties to recommend hiring, firing and
19  discipline of the employees?
20        A.    Yes, that's an element of my role.
21        Q.    So as an element of your role, as the
22  person that manages, that's the head of HR for the
23  whole Southern United States, is your testimony here
24  today that there are sections of this -- of these
25  policies that employees do not have to follow?

```
                                                         Page 52
 1         A.   This isn't a policy.  This is a training
 2    manual.
 3         Q.   So there's sections of the training manual
 4    that they do not have to follow?
 5         A.   I think that mischaracterizes what I'm
 6    saying.  What I'm saying is there would be
 7    disciplinary action for not adhering to our policies
 8    and procedures, but each situation obviously is
 9    unique.
10         Q.   For the closing of the store, there are
11    numerous closing tasks?
12         A.   Right.
13         Q.   Other than walking the partners to their
14    vehicles, tell me what other ones are the, quote,
15    unquote, courtesy that you had said is just a
16    courtesy and they're not required to do?
17         A.   I specifically said I feel walking someone
18    to the car was common courtesy.  As it relates to are
19    you asking me are there other closing tasks that may
20    or may not require discipline?  I'm not sure I
21    understand your question.
22         Q.   Are there any of these other tasks that
23    aren't required of them to do?
24         A.   Required?  Let me review.  I would say if
25    they didn't check their voicemail, it probably
```

```
 1                         DECLARATION
 2
 3
 4
 5              I hereby declare I am the deponent in
 6   the within matter; that I have read the foregoing
 7   deposition and know the contents thereof, and I
 8   declare that the same is true of my knowledge except
 9   as to the matters which are therein stated upon my
10   information or belief, and as to those matters, I
11   believe it to be true.
12              I declare under the penalties of
13   perjury of the state of California that the
14   foregoing is true and correct.
15              executed on the 16th day of January
16   2014, at   Winchester           , California.
17
18
19
20
21              _____
                              WITNESS
22
23
24
25
```

Page 90

# INSTRUCTIONS FOR READING/CORRECTING YOUR DEPOSITION

To assist you in making corrections to your deposition testimony, please follow the directions below. If additional pages are necessary, please furnish them and attach the pages to the back of the errata sheet.

This is the final version of your deposition transcript.

Please read it carefully. If you find any errors or changes you wish to make, insert the corrections on the errata sheet beside the page and line numbers.

If you are in possession of the original transcript, do NOT make any changes directly on the transcript.

Do NOT change any of the questions.

After completing your review, please sign the last page of the errata sheet, above the designated "Signature" line.

## ERRATA SHEET

| Page | Line | Change | Reason |
|------|------|--------|--------|
| 7 | 9 | degree | should not be plural – degrees |
| 9 | 17 | and San Diego | Currently says in San Diego |
| 11 | 13 | Weimer | Spelled incorrectly |
| 11 | 20 | Gayle | Spelled incorrectly |

| Page | Line | | |
|---|---|---|---|
| 14 | 14 | Change: | staffing strategy for our team |
| | | Reason: | incorrectly captured |
| 27 | 20 | Change: | that includes our point... |
| | | Reason: | incorrectly captured, clarifies |
| 33 | 6 | Change: | those to shift supervisors |
| | | Reason: | incorrectly captured |
| 48 | 19 | Change: | to walk to my car |
| | | Reason: | incorrectly captured |
| 63 | 2 | Change: | Compensation should read expectation |
| | | Reason: | incorrectly captured |
| ___ | ___ | Change: | _____ |
| | | Reason: | _____ |
| ___ | ___ | Change: | _____ |
| | | Reason: | _____ |
| | | Change: | _____ |

__X__ Subject to the above changes, I certify that the transcript is true and correct.

_____ No changes have been made. I certify that the transcript is true and correct.

_[signature]_   Date: 1/16/14

**Signature**

```
 1            I, GINA M. CLOUD, a certified shorthand
 2   reporter for the State of California, do hereby
 3   certify:
 4            that prior to being examined, the
 5   witness named in the foregoing deposition, was by me
 6   duly sworn to testify the truth, the whole truth,
 7   and nothing but the truth pursuant to Section No.
 8   2093 of the Code of Civil Procedure;
 9            That said deposition was taken before
10   me pursuant to notice, at the time and place therein
11   set forth, and was taken down by me in shorthand and
12   thereafter reduced to typewriting via computer-aided
13   transcription under my direction;
14            I further certify that I am neither
15   counsel for, nor related to, any party to said
16   action, nor in anywise interested in the outcome
17   thereof.
18            IN WITNESS WHEREOF, I have hereunto
19   subscribed my name this 9th day of January,
20   2014.
21
22
23
24   _____
     GINA M. CLOUD, CSR No. 6315
25
```