1 **AKIN GUMP STRAUSS HAUER & FELD LLP**
2 GREGORY W. KNOPP (SBN 237615)
  MARK R. CURIEL (SBN 222749)
3 JONATHAN P. SLOWIK (SBN 287635)
  gknopp@akingump.com
4 mcuriel@akingump.com
  jpslowik@akingump.com
5 2029 Century Park East, Suite 2400
  Los Angeles, CA 90067
6 Telephone: 310-229-1000
  Facsimile: 310-229-1001
7
  Attorneys for Defendant Starbucks Corporation
8

9

10                UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12

13 DOUGLAS TROESTER, on behalf of      Case No. 2:12-cv-07677-GAF-PJW
   himself, and all others similarly
14 situated,                           **DEFENDANT STARBUCKS**
                                       **CORPORATION'S EVIDENTIARY**
15              Plaintiffs,            **OBJECTIONS IN SUPPORT OF ITS**
                                       **MOTION FOR SUMMARY JUDGMENT**
16      v.                             **OR, IN THE ALTERNATIVE,**
                                       **SUMMARY ADJUDICATION**
17 STARBUCKS CORPORATION, a
   Washington corporation; and DOES 1- [Reply Memorandum, Reply Separate
18 50, inclusive,                      Statement, Responses to Evidentiary
                                       Objections, and Supplemental Declaration of
19              Defendants.            Jonathan P. Slowik filed concurrently]

20                                     Date:    March 10, 2014
                                       Time:    9:30 a.m.
21                                     Crtrm:   740

22                                     Judge:   Hon. Gary A. Feess

23                                     Date Action Filed: August 6, 2012

24

25

26

27

28
   ────────────────────────────────────────────────
        DEFENDANT STARBUCKS CORPORATION'S EVIDENTIARY OBJECTIONS
           IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
   105999697

## STARBUCKS CORPORATION'S EVIDENTIARY OBJECTIONS

<u>Additional Separate Statement Paragraph 3</u>:  Objection to the Barnett, Ali, Barb, Ashby, and Armington declarations on the grounds that this testimony is irrelevant.  The fact that Starbucks employees sometimes work shifts at multiple stores is not probative of any fact in consequence in determining the action.  The experiences of these employees are also not probative regarding *Troester's* claims for alleged unpaid time, which is all that is at issue here.  Fed. R. Evid. 401, 402; *see Tate v. Hartsville/Trousdale County*, No. 3:09-0201, 2010 WL 4054141, at *4 (M.D. Tenn. Oct. 14, 2010) (when no class has been certified, the proper inquiry upon summary judgment is the named plaintiff's claim, not the claims of absent class members).

<u>Additional Separate Statement Paragraph 18</u>:  Objection to the Barnett, Ali, Barb, Ashby, and Armington declarations on the grounds that this testimony is irrelevant.  The experiences of five employees are not indicative of Starbucks company-wide training materials and practices.  Nor are the experiences of these employees probative regarding *Troester's* claims for alleged unpaid time, which is all that is at issue here.  Fed. R. Evid. 401, 402; *see Tate*, 2010 WL 4054141, at *4 (when no class has been certified, the proper inquiry upon summary judgment is the named plaintiff's claim, not the claims of absent class members).

<u>Additional Separate Statement Paragraph 19</u>:  Objection to the Barnett, Ali, Barb, Ashby, and Armington declarations on the grounds that this testimony is irrelevant.  The experiences of five employees are not indicative of Starbucks company-wide training materials and practices.  Nor are the experiences of these employees probative regarding *Troester's* claims for alleged unpaid time, which is all that is at issue here.  Fed. R. Evid. 401, 402; *see Tate*, 2010 WL 4054141, at *4 (when no class has been certified, the proper inquiry upon summary judgment is the named plaintiff's claim, not the claims of absent class members).

DEFENDANT STARBUCKS CORPORATION'S EVIDENTIARY OBJECTIONS
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

105999697

1     <u>Additional Separate Statement Paragraph 22</u>: Objection to the Barnett, Ali, Barb,

2 Ashby, and Armington declarations on the grounds that this testimony lacks foundation

3 and personal knowledge. The witnesses have not established that they are qualified to

4 testify about what Starbucks knew about Troester's alleged unpaid time. Fed. R. Evid.

5 602. The testimony is also irrelevant, because the experiences of these employees are

6 not probative regarding *Troester's* claims for alleged unpaid time, which is all that is at

7 issue here. Fed. R. Evid. 401, 402; *see Tate*, 2010 WL 4054141, at *4 (when no class

8 has been certified, the proper inquiry upon summary judgment is the named plaintiff's

9 claim, not the claims of absent class members).

10     <u>Additional Separate Statement Paragraph 35</u>: Objection to the Setareh

11 Declaration, paragraph 30, on the grounds that this testimony is irrelevant.

12 Mr. Setareh's flawed analysis vastly overstates Troester's alleged unpaid time, and any

13 extrapolation from that analysis therefore is not probative of the issues in dispute. *See*

14 Supp. Slowik Decl. ¶¶ 3-11. Fed. R. Evid. 401, 402.

15     <u>Additional Separate Statement Paragraph 36</u>: Objection to the Setareh

16 Declaration, paragraph 31, on the grounds that this testimony lacks foundation and

17 personal knowledge. Mr. Setareh has not established that he is qualified to testify about

18 what happens on every closing shift, in each one of Starbucks 1,900 California stores.

19 Fed. R. Evid. 602. This testimony is also is irrelevant. Mr. Setareh's flawed analysis

20 vastly overstates Troester's alleged unpaid time, and any extrapolation from that

21 analysis therefore is not probative of the issues in dispute. Nor are the experiences of

22 other employees at other stores probative regarding *Troester's* claims for alleged unpaid

23 time, which is all that is at issue here. *See* Supp. Slowik Decl. ¶¶ 3-11. Fed. R. Evid.

24 401, 402; *see Tate*, 2010 WL 4054141, at *4 (when no class has been certified, the

25

26

27

28

DEFENDANT STARBUCKS CORPORATION'S EVIDENTIARY OBJECTIONS
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

105999697

1    proper inquiry upon summary judgment is the named plaintiff's claim, not the claims of

2    absent class members).

3

4    Dated:  February 24, 2014                    AKIN GUMP STRAUSS HAUER & FELD LLP
                                                    Gregory W. Knopp
5                                                   Mark R. Curiel
                                                    Jonathan P. Slowik
6

7                                                   By_____/s/ Gregory W. Knopp_____
                                                         Gregory W. Knopp
8                                                        Attorneys for Defendant
                                                         Starbucks Corporation
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT STARBUCKS CORPORATION'S EVIDENTIARY OBJECTIONS
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

105999697