1  **AKIN GUMP STRAUSS HAUER & FELD LLP**
   GREGORY W. KNOPP (SBN 237615)
2  MARK R. CURIEL (SBN 222749)
   JONATHAN P. SLOWIK (SBN 287635)
3  gknopp@akingump.com
   mcuriel@akingump.com
4  jpslowik@akingump.com
   2029 Century Park East, Suite 2400
5  Los Angeles, CA 90067
   Telephone:  310-229-1000
6  Facsimile:  310-229-1001

7  Attorneys for Defendant Starbucks Corporation

8

9

10                 UNITED STATES DISTRICT COURT

11               CENTRAL DISTRICT OF CALIFORNIA

12

13 | DOUGLAS TROESTER, on behalf of | Case No. 2:12-cv-07677-GAF-PJW
   | himself, and all others similarly |
14 | situated, | **DEFENDANT STARBUCKS**
   | | **CORPORATION'S RESPONSES TO**
15 | Plaintiffs, | **EVIDENTIARY OBJECTIONS IN**
   | | **SUPPORT OF ITS MOTION FOR**
16 | v. | **SUMMARY JUDGMENT OR, IN THE**
   | | **ALTERNATIVE, SUMMARY**
17 | STARBUCKS CORPORATION, a | **ADJUDICATION**
   | Washington corporation; and DOES 1- |
18 | 50, inclusive, | [Reply Memorandum, Reply Separate
   | | Statement, Evidentiary Objections, and
19 | Defendants. | Supplemental Declaration of Jonathan P.
   | | Slowik filed concurrently]

20                               Date:     March 10, 2014
21                               Time:     9:30 a.m.
                                 Crtrm:    740
22
                                 Judge:      Hon. Gary A. Feess
23
                                 Date Action Filed: August 6, 2012
24

25

26

27

28

---

DEFENDANT STARBUCKS CORPORATION'S RESPONSES TO EVIDENTIARY OBJECTIONS
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

105999728

## STARBUCKS CORPORATION'S RESPONSES
## TO EVIDENTIARY OBJECTIONS

<u>Separate Statement Paragraph 3</u>:  Prejudicial and confusing (FRE 403), improper evidence to prove the content of a writings(s) [*sic*], inadmissible hearsay (FRE 802), not based on personal knowledge (FRE 602), and improper lay opinion testimony (FRE 701).

<u>Starbucks Response:</u>  Troester's understanding of Starbucks policy is clearly a subject about which he has personal knowledge, and is not opinion testimony. Troester's FRE 403 objection is misplaced, because the evidence is neither prejudical nor confusing, and FRE 403 is intended to keep inflammatory evidence from the jury, not the judge on a motion for summary judgment. *See Brimberry v. Northwestern Mut. Life Ins. Co.*, No. CV 13-00127 RSWL, 2013 WL 4677592, at *3 (C.D. Cal. Aug. 28, 2013) ("In the summary judgment context, a court need not exclude evidence for danger of unfair prejudice [or] confusion of issues").  Troester's best evidence and hearsay objections are boilerplate and frivolous. *See* Scheduling and Case Management Order at 7 ("Boilerplate objections . . . will be disregarded and overruled.") (emphasis removed).

<u>Separate Statement Paragraph 4:</u>  Prejudicial and confusing (FRE 403), improper evidence to prove the content of a writings(s) [*sic*], inadmissible hearsay (FRE 802), not based on personal knowledge (FRE 602), and improper lay opinion testimony (FRE 701).

<u>Starbucks Response:</u>  Troester's understanding of Starbucks policy is clearly a subject about which he has personal knowledge, and is not opinion testimony. Troester's FRE 403 objection is misplaced, because the evidence is neither prejudical nor confusing, and FRE 403 is intended to keep inflammatory evidence from the jury, not the judge on a motion for summary judgment. *See Brimberry*, 2013 WL 4677592, at *3 ("In the summary judgment context, a court need not exclude evidence for danger of

105999728

unfair prejudice [or] confusion of issues"). Troester's best evidence and hearsay objections are boilerplate and frivolous. *See* Scheduling and Case Management Order at 7 ("Boilerplate objections . . . will be disregarded and overruled.") (emphasis removed).

Separate Statement Paragraph 5:  Prejudicial and confusing (FRE 403), improper evidence to prove the content of a writing(s), inadmissible hearsay (FRE 802), not based on personal knowledge (FRE 602), and improper lay opinion testimony (FRE 701).

Starbucks Response:  Troester's understanding of his job responsibilities is clearly a subject about which he has personal knowledge, and is not opinion testimony. Troester's FRE 403 objection is misplaced, because the evidence is neither prejudical nor confusing, and FRE 403 is intended to keep inflammatory evidence from the jury, not the judge on a motion for summary judgment. *See Brimberry*, 2013 WL 4677592, at *3 ("In the summary judgment context, a court need not exclude evidence for danger of unfair prejudice [or] confusion of issues"). Troester's best evidence and hearsay objections are boilerplate and frivolous. *See* Scheduling and Case Management Order at 7 ("Boilerplate objections . . . will be disregarded and overruled.") (emphasis removed).

Separate Statement Paragraph 7:  Prejudicial and confusing (FRE 403), improper evidence to prove the content of a writings(s) [*sic*], inadmissible hearsay (FRE 802), not based on personal knowledge (FRE 602), and improper lay opinion testimony (FRE 701).

Starbucks Response:  Troester's understanding of his job responsibilities is clearly a subject about which he has personal knowledge, and is not opinion testimony. Troester's FRE 403 objection is misplaced, because the evidence is neither prejudical nor confusing, and FRE 403 is intended to keep inflammatory evidence from the jury, not the judge on a motion for summary judgment. *See Brimberry*, 2013 WL 4677592, at *3 ("In the summary judgment context, a court need not exclude evidence for danger of

DEFENDANT STARBUCKS CORPORATION'S RESPONSES TO EVIDENTIARY OBJECTIONS
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

105999728

1  unfair prejudice [or] confusion of issues"). Troester's best evidence and hearsay

2  objections are boilerplate and frivolous. *See* Scheduling and Case Management Order at

3  7 ("Boilerplate objections . . . will be disregarded and overruled.") (emphasis removed).

4

5      <u>Separate Statement Paragraph 14:</u>  Prejudicial and confusing (FRE 403), improper

6  evidence to prove the content of a writing(s), inadmissible hearsay (FRE 802), and

7  improper lay opinion testimony (FRE 701).

8      <u>Starbucks Response:</u>  Troester testified that he performed the store close process,

9  so the steps that the process entailed is clearly a subject about which he has personal

10  knowledge, and is not opinion testimony. *See* UF No. 13. Troester's FRE 403 objection

11  is misplaced, because the evidence is neither prejudical nor confusing, and FRE 403 is

12  intended to keep inflammatory evidence from the jury, not the judge on a motion for

13  summary judgment. *See Brimberry*, 2013 WL 4677592, at *3 ("In the summary

14  judgment context, a court need not exclude evidence for danger of unfair prejudice [or]

15  confusion of issues"). Troester's best evidence and hearsay objections are boilerplate

16  and frivolous. *See* Scheduling and Case Management Order at 7 ("Boilerplate

17  objections . . . will be disregarded and overruled.") (emphasis removed).

18

19      <u>Separate Statement Paragraph 33:</u>  Irrelevant (FRE 401-402), prejudicial and

20  confusing (FRE 403), improper evidence to prove the content of a writings(s), and

21  inadmissible hearsay (FRE 802).

22      <u>Starbucks Response:</u>  Troester's recollection about whether a manager instructed

23  him to wait with co-workers is relevant, because if Troester chose to wait with co-

24  workers for their rides, without any prompting from Starbucks, it is not compensable

25  time. It is not hearsay, because Troester's recollection does not include any out-of-court

26  statements. Troester's FRE 403 objection is misplaced, because the evidence is neither

27  prejudical nor confusing, and FRE 403 is intended to keep inflammatory evidence from

28

105999728

1  the jury, not the judge on a motion for summary judgment. *See Brimberry*, 2013 WL

2  4677592, at *3 ("In the summary judgment context, a court need not exclude evidence

3  for danger of unfair prejudice [or] confusion of issues"). Finally, Troester's best

4  evidence objection is boilerplate and frivolous. *See* Scheduling and Case Management

5  Order at 7 ("Boilerplate objections . . . will be disregarded and overruled.") (emphasis

6  removed).

7

8  <u>Separate Statement Paragraph 34:</u> Irrelevant (FRE 401-402), prejudicial and

9  confusing (FRE 403), improper evidence to prove the content of a writings(s),

10  inadmissible hearsay (FRE 802), and not based on personal knowledge (FRE 602).

11  <u>Starbucks Response:</u> Troester's managers clearly have personal knowledge about

12  whether they asked him to wait with co-workers for their rides. This evidence is also

13  relevant, because if Troester chose to wait with co-workers for their rides, without any

14  prompting from Starbucks, it is not compensable time. It is not hearsay, because this

15  evidence does not include any out-of-court statements. Troester's FRE 403 objection is

16  misplaced, because the evidence is neither prejudicial nor confusing, and FRE 403 is

17  intended to keep inflammatory evidence from the jury, not the judge on a motion for

18  summary judgment. *See Brimberry*, 2013 WL 4677592, at *3 ("In the summary

19  judgment context, a court need not exclude evidence for danger of unfair prejudice [or]

20  confusion of issues"). Finally, Troester's best evidence objection is boilerplate and

21  frivolous. *See* Scheduling and Case Management Order at 7 ("Boilerplate objections

22  . . . will be disregarded and overruled.") (emphasis removed).

23

24  <u>Separate Statement Paragraph 35:</u> Irrelevant (FRE 401-402), prejudicial and

25  confusing (FRE 403), improper evidence to prove the content of a writings(s), and

26  inadmissible hearsay (FRE 802).

27

28

4

105999728

1    Starbucks Response:  Evidence about Troester's state of mind is relevant, because

2  if Troester chose to wait with co-workers for their rides, without any prompting from

3  Starbucks, it is not compensable time.  Troester's FRE 403 objection is misplaced,

4  because the evidence is neither prejudical nor confusing, and FRE 403 is intended to

5  keep inflammatory evidence from the jury, not the judge on a motion for summary

6  judgment.  *See Brimberry*, 2013 WL 4677592, at *3 ("In the summary judgment

7  context, a court need not exclude evidence for danger of unfair prejudice [or] confusion

8  of issues").  Finally, Troester's hearsay and best evidence objections are boilerplate and

9  frivolous.  *See* Scheduling and Case Management Order at 7 ("Boilerplate objections

10  . . . will be disregarded and overruled.") (emphasis removed).

11

12    Separate Statement Paragraph 47:  Prejudicial and confusing (FRE 403), improper

13  evidence to prove the content of a writings(s), inadmissible hearsay (FRE 802), and

14  improper lay opinion testimony (FRE 701).

15    Starbucks Response:  Troester's testimony about why he is suing Starbucks is not

16  an improper lay opinion.  His FRE 403 objection is misplaced, because the evidence is

17  neither prejudical nor confusing, and FRE 403 is intended to keep inflammatory

18  evidence from the jury, not the judge on a motion for summary judgment.  *See*

19  *Brimberry*, 2013 WL 4677592, at *3 ("In the summary judgment context, a court need

20  not exclude evidence for danger of unfair prejudice [or] confusion of issues").  Finally,

21  Troester's hearsay and best evidence objections are boilerplate and frivolous.  *See*

22  Scheduling and Case Management Order at 7 ("Boilerplate objections . . . will be

23  disregarded and overruled.") (emphasis removed).

24  Dated: February 24, 2014             AKIN GUMP STRAUSS HAUER & FELD LLP
                                         Gregory W. Knopp
25                                       Mark R. Curiel
                                         Jonathan P. Slowik
26

27                                       By_____/s/ *Gregory W. Knopp*_____
                                                    Gregory W. Knopp
28                                       Attorneys for Defendant Starbucks Corporation

                                              5