Shaun Setareh (SBN 204514)
    shaun@setarehlaw.com
Thomas Segal (SBN 222791)
    thomas@setarehlaw.com
William Pao (SBN 219846)
    william@setarehlaw.com
**SETAREH LAW GROUP**
315 S. Beverly Drove, Suite 315
Beverly Hills, California 90212
Tel: (310) 888-7771
Fax: (310) 888-0109

Attorneys for Plaintiff
DOUGLAS TROESTER

(Additional Attorneys for Plaintiff on Following Page)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS TROESTER, on behalf of himself, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STARBUCKS CORPORATION, a Washington corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 2:12-cv-07677-CJC- (PJWx)<br><br>**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>Date:      January 27, 2020<br>Time:      1:30 p.m.<br>Crtrm:     7C<br><br>Judge:     Hon. Cormac J. Carney<br><br>Date Action Filed: August 6, 2012 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

## ADDITIONAL ATTORNEYS FOR PLAINTIFF

2

3   Stanley Saltzman (SBN 90058)
Marlin & Saltzman LLP
29800 Agoura Road, Suite 310
4   Agoura Hills, CA 91301
Tel: (818) 991-8080
5   Fax: (818) 991-8081

6

David Spivak (SBN 179684)
7   david@spivaklaw.com
THE SPIVAK LAW FIRM
8   16530 Ventura Bl., Suite 203
Encino, CA 91436
9   Tel: (818) 582-3086
Fax: (818) 582-2561

10

11  Louis Benowitz (SBN262300)
LAW OFFICES OF LOUIS BENOWITZ
12  9454 Wilshire Boulevard, Penthouse
Beverly Hills, CA 90212
13  Tel: (310)844-5141
Fax: (310)492-4056

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLEASE TAKE NOTICE that on January 27, 2019 at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 7C of the above-entitled Court, located at 350 West First Street, Los Angeles, California 90012, Plaintiff DOUGLAS TROESTER (referred to as "Plaintiff") will and hereby move this Court, pursuant to Federal Rules of Civil Procedure 23(c)(1), for an order:

1.      Certifying the following plaintiff class:

> All Starbucks employees in California from August 6, 2008 through December 31, 2012 who worked a closing shift in a Starbucks store and performed work after clocking out.

2.      Appointing Plaintiff as class representative for the class proposed herein or later proposed and approved by the Court and any other sub-class the Court may devise; and,

3.      Appointing Shaun Setareh and Thomas Segal of Setareh Law Group, Stanley Saltzman of Marlin & Saltzman LLP, David Spivak of Spivak Law Firm and Louis Benowitz of Law Offices of Louis Benowitz as Class Counsel pursuant to Fed. R. Civ. P. 23(g).

This motion is brought on the grounds that this action properly may be certified as a class action under FRCP Rule 23(a) in that:  (a) the classes and any subclass are so numerous (numbering in the many hundreds or thousands) that joinder of all members of the classes in this action is impracticable; (b) there are questions of law and fact which are common to the members of the classes; (c) the claims of Plaintiff are typical of the claims of the members of the classes he seeks to represent; and (d) Plaintiff will fairly and adequately represent and protect the interests of the members of the classes.

This motion is brought on further grounds that the classes properly may be certified under FRCP 23(b)(3) in that: (a) the questions of law and fact common to the members of the classes predominate over the questions of law and fact, if any, which affect only individual members of the classes; and (b) a class action is superior to any

1  other available method for the fair and efficient adjudication of the claims for relief

2  asserted in this action.

3       This motion is based upon this Notice, the Memorandum of Points and

4  Authorities filed in support thereof, the declarations filed herewith as well as the

5  exhibits thereto, the pleadings and records on file in this action, and such additional

6  argument and evidence as may be presented at the hearing on this motion.

7       This motion follows the meeting of counsel which occurred on November 20,

8  2019.

9

10

11                                    Respectfully submitted,
                                      SETAREH LAW GROUP
12
    Dated:  December 4, 2019          BY  /s/ Shaun Setareh
13                                    SHAUN SETAREH
14                                    Attorneys for Plaintiff
                                      DOUGLAS TROESTER
15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

# TABLE OF CONTENTS

I.    INTRODUCTION ............................................................................1

II.   PROCEDURAL HISTORY ...........................................................2

III.  STATEMENT OF FACTS .............................................................2

IV.   SUMMARY OF APPLICABLE LAW ..........................................5
      A.    Obligation to Pay All Hours Worked ..................................5
      B.    Obligation to Provide Accurate Wage Statements ..............6
      C.    Restitution for Unfair Competition Law Claims .................7

V.    THE PARTIES ...............................................................................7
      A.    Plaintiff and Class Representatives .....................................7
      B.    Defendant .............................................................................8

VI.   DISCUSSION ................................................................................8
      A.    Standards for Governing Motions For Class Certification ...8
      B.    The Requirements For Class Certification Are Satisfied .....10

      1.    The Requirements of Rule 23(a) Are Satisfied Here ..............11
            a)    Numerosity ...................................................................11
            b)    Typicality .....................................................................12
            c)    Adequacy of Representation..........................................12
            d)    Commonality is Satisfied: All Class Members Were
                  Subjected to the Same Policies .....................................13

      2.    Plaintiff Also Satisfies the Requirements of Rule 23(b)(3) ......15
            a)    Common Questions Predominate ...................................15
            b)    Class Members' Claims Turn on the Common Legal
                  Question of Whether the Closing Shift Time was
                  Compensable..................................................................16
            c)    Individualized Issues as to the Amount of Damages Do
                  Not Defeat Predominance..............................................16
            d)    Predominance Exists for the Direct and Derivitave
                  Claims as Well ..............................................................17

      3.    Class Action Treatment Is Superior to Individual Actions .......18
            a)    Based on the Nature and Size of the Claims, Class
                  Members Have Little Incentive to Bring Individual
                  Actions...........................................................................18
            b)    There are No Related Actions.......................................19
            c)    Concentrating Class Claims in a Single Forum Is
                  Desirable. ......................................................................20

d) No Significant Management Difficulties Are Present ....20

e) Insulation from Fear of Retaliation by the Employer
Renders Wage and Hour Class Actions Superior............21

f) Uncertainty About Legal Rights Would Deter Individual
Actions, Rendering Class Resolution Superior ..............21

VII. CONCLUSION..............................................................22

**STATUTES**

Bus. & Prof.Code §§ 17200, et seq.........................................................7, 17

Bus. & Prof.Code § 17208……………………………………………….7

IWC Wage Order No. 5 § 4……………………………………………….5

Lab. Code § 226(a)………………………………………………………..17

**RULES**

Fed. R. Civ. P. 23(a).................................................................10, 11

FED. R. CIV. P. 23(a)(1)……………………………………………….11

FED. R. CIV. P. 23(a)(2)……………………………………………….13

FED. R. CIV. P. 23(a)(3)……………………………………………….12

FED. R. CIV. P. 23(b)(3)(A)…………………………………………...18

FED. R. CIV. P. 23(b)(3)(C)…………………………………………...20

FED. R. CIV. P. 23(b)(3)(D)…………………………………………...20

Rule 23(a)…………………………………………………………….8, 10

Rule 23(b)…………………………………………………………….8, 10

Rule 23(a)(2)………………………………………………………….13, 14

Rule 23(a)(3)………………………………………………………….....12

Rule 23(a)(4)………………………………………………………….....12

Rule 23(b)(3)………………………………………………………….15, 18

**TREATISES**

3 Conte & Newberg, *Newberg on Class Actions* § 7.20 (4th ed. 2002) ....................8

//

//

**FEDERAL CASES**

*Abdullah v. U.S. Sec. Associates*, 731 F.3d 952, 957 (9th Cir. 2013)………………14

*Arthur Young & Co. v. United States Dist. Court*, 549 F.2d 686 (9th Cir. 1977),

    *cert. denied* 434 U.S. 829 (1977) ................................................................8

*Bell v. Farmers Ins. Exch.*, 115 Cal. App. 4th 715, 750 (2004)………………...…..20

*Blackie v. Barrack*, 524 F.2d 891 (9th Cir. 1975)……………………………..11, 20

*Blackie v. Barrack*, 524 F.2d 891 (9th Cir. 1975), *cert. denied*,

    429 U.S. 816 (1976) ................................................................................8

*Blue Chip Stamps v. Superior Court* (1976)…………………………………….22

*Capitol People First v. Dept. of Developmental Serv.*,

    155 Cal. App. 4th 676, 692-93 (2007)…………………………………….20

*Cervantez v. Celestica Corp.,* 253 F.R.D. 562, 572 (C.D. Cal. 2008)……………16

*Charlebois v. Angels Baseball, LP*, SACV 10-0853 DOC ANX,

    2011 WL 2610122 (C.D. Cal. June 30, 2011)…… .............................……11

*Comcast Corp. v. Behrend*, 133 U.S. 1426 (2013)…………………………….17

*Cortez v. Purolator Air Filtration Products Co.* (2000)…………………………..7

*Del Campo v. American Corrective Counseling Servs., Inc.*,

    254 F.R.D. 585, 592 (N.D. Cal. 2008)…………………………………….14

*Dilts v. Penske Logistics, LLC,* 267 F.R.D. 625, 640 (S.D. Cal. 2010.)………....18

*Dominguez v. Schwarzenegger*, 270 F.R.D. 477 (N.D. Cal. 2010) ..........................9

*Eisen v. Carlisle & Jacqueline*, 417 U.S. 156 (1974) ..............................................11

*Ellis v. Costco Wholesale Corp.*, 657 F.3d 970 (9th Cir. 2011)................................8

*Erica P. John Fund, Inc. v. Halliburton Co.*, 131 S. Ct. 2179, 2184 (2011)………15

*Gay v. Waiters' & Dairy Lunchmen's Union*, 549 F.2d 1330 (9th Cir.1997)...........11

*Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147 (1982)................................................12

*General Tel. Co. v. EEOC*, 446 U.S. 318 (1980) .....................................................11

*Gentry v. Superior Court*, 42 Cal. 4th 443, 459 (2007)……………………….....21

*Haley v. Medtronic, Inc.*, 169 F.R.D. 643 (C.D. Cal. 1996).....................................8

*Hanlon v. Chrysler Corp.*, 150 F.3d 1101 (9th Cir. 1998)....................................11, 12

*Hanon v. Dataproducts Corp.*, 976 F.2d 497 (9th Cir. 1992)...................................9

*Johns v. Bayer Corp.*, 09CV1935 AJB POR, 2012 WL 368032

(S.D. Cal. Feb. 3, 2012)...................................................................................9

*Jordan v. Los Angeles County*, 669 F.2d 1311 (9th Cir.1982),

vacated on other grounds, *County of Los Angeles v. Jordan*,

459 U.S. 810, 103 S.Ct. 35, 74 L.Ed.2d 48 (1982).......................................11

*Kamar v. Radio Shack Corp.*, 254 F.R.D. 387, 399 (C.D. Cal. 2008)……………..16

*Kilby v. CVS Pharmacy Inc.*, 63 Cal.4th 1, 11 (2016)……………………………..5

*Leyva v. Medline Industries, Inc.*, 716 F.3d 510, 514 (9th Cir. 2012)…………….15

*Linder v. Thrifty Oil Co.*, 23 Cal.4th 429 23 Cal.4th 429 at 445-446 (2000)……...22

*Local Joint Exec. Bd. Of Culinary/Bartender Trust Fund v.*

*Las Vegas Sands, Inc.*, 244 F.3d 1152  (9th Cir. 2001) ..................................15

*Lopez v. G.A.T. Airline Ground Support, Inc.*,

2010 WL 363167 *8 (S.D. Cal. 2010)…………………………………………..15

*Mazza v. Am. Honda Motor Co.*, 254 F.R.D. 610 (C.D. Cal. 2008) ......................9, 13

*Meyer v. Portfolio Recovery Assocs.*, 707 F.3d 1036, 1041–42 (9th Cir.2012)…..14

*Moore v. Hughes Helicopters, Inc.*, 708 F.2d 475 (9th Cir. 1983)………………..8

*Moore v. Ulta Salon Cosmetics & Fragrance Inc.*, 311 F.R.D. 590,

604 (C.D. Cal. 2015)……………… ………………………….……………16

*Negrete v. Allianz Life Ins. Co.*, 238 F.R.D. 482 (C.D.Cal. 2006)………………..14

*Newberg on Class Actions* § 7.20 (4th ed. 2002)…………………………………….8

*Otsuka v. Polo Ralph Lauren Corp.*, 251 F.R.D. 439, 448 (N.D. Cal. 2008)……16

*People v. Los Angeles Palm, Inc.* (1981)…………………………………………….7

*Reyes v. Bakery and Confection Union and Industry International*

*Pension Fund*, 2015 WL 5569462, *3 (N.D. Cal. 2015)……………..…..14

*Schwartz v. Harp*, 108 F.R.D. 279 (C.D. Cal. 1985).............................................12

*Scott-George v. PVH Corporation*, 2015 WL 7353928 *9 (E.D. Cal. 2015)…….16

*Slaven v. BP America, Inc.*, 190 F.R.D. 649, 654 (C.D.Cal.2000)………………..11

*Smith v. Ford Motor Company*, 749 F.Supp.2d 980, 997 (N.D. Cal. 2010)……….18

*Staton v. Boeing Company*, 327 F.3d 938 (9th Cir. 2003)..........................................9, 12

*Stearns v. TicketMaster Corp.*, 655 F.3d 1013 (9th Cir.2011)...................................9

*Troester v. Starbucks Corporation*, 680 Fed.Appx. 511, 512

    (9th Cir. June 2, 2016)……………………………………………………………1, 3

*Tyson Foods, Inc. v. Bouaphakeo*,  136 S.Ct. 1036, 1047 (2016.)………………..…17

*United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv.*

    *Workers Int'l Union, AFL–CIO v. ConocoPhillips Co.*,

    593 F.3d 802 (9th Cir.2010) ..............................................................................8

*Valentino v. Carter- Wallace, Inc.*, 97 F.3d 1227 (9th Cir. 1996)………………..8, 18

*Vaquero v. Ashley Furniture Industries, Inc.,* 824 F.3d 1150 (9th Cir. 2016.)……...17

*Wal-Mart Stores, Inc. v. Dukes*, ___ U.S. ___, 131 S.Ct. 2541 (June 20, 2011)…...8

*Wang v. Chinese Daily News, Inc.*, 709 F.3d 829, 833 (9th Cir.2013)…………….10, 15

*Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180 (9th Cir.),

    amended by 273 F.3d 1266 (9th Cir.2001) ....................................................8

vi

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

The claims at issue in this motion are simple and are readily amenable to class certification because they all involve the issue of compensability of off-the-clock work done by Starbucks' employees on closing shifts. As the Court knows, this case has been litigated up to the Ninth Circuit and the California Supreme Court, which resulted in a landmark decision regarding the rights of California employees. *Troester v. Starbucks Corp.*, 5 Cal.5[th] 829 (2018) (holding that federal *de minimis* doctrine is not a defense to claims for unpaid wages under the California Labor Code).

Starbucks' practice during the time period of this case was to require employees on closing shifts to perform duties after clocking out for their shift, including uploading store data to Starbucks' computer system, programming the alarm, and walking coworkers to their cars. The issue of the compensability of that time is an overarching common issue – if it is compensable the class will win. If it is not compensable, Starbucks will win.

All elements of class certification are met. Plaintiff Troester is typical of the class because he performed the uncompensated closing shift tasks at issue in this case. Troester has been actively involved in the litigation and is an adequate class representative who understands his duties to the class. Troester's counsel have litigated the case vigorously and are experienced and adequate counsel. Commonality is present because of the overarching common question of the compensability of the closing shift off-the-clock work. Common questions predominate over individual ones, in fact, the only arguably individualized questions go to damages not to the merits. And, a class action is undoubtedly the superior way of handling this dispute. Individually, the claims are small and not feasible to litigate. A class action is the only way the issues can be adjudicated.

## II. **PROCEDURAL HISTORY**

This action was filed on August 6, 2012 and removed to federal court on September 7, 2012. ECF No. 1. On December 30, 2013 Starbucks filed a motion for summary judgment. ECF No. 28. On March 7, 2014 Judge Feess granted the motion for summary judgment. ECF No. 37. On April 2, 2014 Plaintiff filed a Notice of Appeal. ECF No. 40.

On June 2, 2016 the Ninth Circuit issued an Order Certifying a Question to the Supreme Court of California, asking the Supreme Court to address whether the federal de minimis doctrine applies to California Labor Code claims. On July 26, 2018 the California Supreme Court issued its decision holding that the *de minimis* doctrine does not apply to California Labor Code claims. On November 15, 2018 the Ninth Circuit reversed the summary judgment order and remanded the case. ECF No. 52. On remand, the case was reassigned to this Court. ECF No. 51.

On February 25, 2019 Starbucks filed a Motion for Summary Judgment. ECF No. 59. The motion argued that the California Supreme Court's decision should not be applied retroactively, that Labor Code section 203 late pay penalties should not be awarded, and that Labor Code section 226 wage statement penalties should not be awarded. This Court rejected Starbucks' arguments on retroactivity, and wage statement penalties but granted summary adjudication as to the Labor Code section 203 penalties. ECF No. 68.

## III. **STATEMENT OF FACTS**

As summarized by the Ninth Circuit, the relevant facts in this case are as follows: [Plaintiff] submitted evidence that, during the relevant alleged class period, Starbucks' computer software required him to clock out on every closing shift before initiating the software's 'close store procedure' on a separate computer terminal in the back office. The close store procedure transmitted daily sales, profit and loss, and store inventory data to Starbucks' corporate headquarters After [Plaintiff] completed this task, he activated the alarm, exited the store,

and locked the front door. [Plaintiff] also submitted evidence that, per Starbucks' policy, he walked his co-workers to their cars.

*Troester v. Starbucks Corporation*, 680 Fed.Appx. 511, 512 (9th Cir. June 2, 2016).

Plaintiff Troester has testified as to Starbucks' practices during the class period. When working a closing shift, Troester would have to clock out and then upload store data to computers at corporate headquarters. Troester Tr. 130:4-131:13; 132:3-21, 171:19-174:2. Setareh Decl. Exh. 1.  After that he had to arm the alarm system, ensure that all doors are locked, and walk his coworkers to their cars. Troester Tr. 148:7-13; 149:7-152:3. Setareh Decl. Exh. 1.

The evidence shows that other class members had the same experiences regarding the store closing process and unpaid off-the-clock work. Barnett Decl. ¶¶ 18-20; Ali Decl. ¶¶ 13-14, 18; Barb Decl. ¶¶ 17-18; Ashby Decl. ¶¶ 18-19; Armington Decl. ¶¶ 17-19. Setareh Decl. Exhs. 10-14.

All this off-the-clock work would have been done at a minimum by two employees per closing shift because Starbucks has a "Two Partner Rule" that requires that two employees be in the store at all times. Setareh Decl. Exh. 15.

In court filings in this case and in deposition testimony, Starbucks has admitted that the work in question occurred after employees clocked out on closing shifts. Starbucks' defense to this case has not been that it in fact paid for this time. Rather Starbucks has asserted that it was not practicable to record and pay for this off-the-clock work. For example, in Starbucks' Appellee's Opening Brief to the Ninth Circuit Starbucks stated as follows:

> In considering the first factor, the court held that the 'administrative difficulty of recording the additional time' favors applying the de minimis defense. (citation) The court agreed with Starbucks that its timekeeping system 'could not feasibly capture the time at issue in this case.' (citation) This was because the software Starbucks used allegedly required Troester to clock out before initiating the store closing procedure – a task which lasted one minute on average.

Starbucks' Appellee's Opening Brief at 6.

PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Starbucks also represented to the Ninth Circuit that: "The close store procedure – which lasted one minute on average – necessarily occurred after clocking out." *Id.* at 16.

Starbucks' manager Cecilia Cerner testified that she was not paid for closing tasks:

> Q. You were not paid for the closing tasks to take – from the time you clock out until you alarm the system correct?
> A. Yes.
> Q. You were not paid for the closing tasks of arming the system and leaving the store with all partners correct?
> A. Correct.
> Q. You were not paid for the closing task to double-check that all doors are locked when leaving the store, correct?
> A. Correct.
> Q. You were not paid for the closing task of walking the partners to their vehicles, correct?
> A. Correct.

Cerna Tr. 38:24-39:13. Setareh Decl. Exh. 3.

Cerna also testified that Starbucks was aware of this unpaid closing work:

> Q. And you were not paid for all of these steps that you're required to do after you clock out correct?
> A. Correct.
> Q. And the company is aware that you're doing all of these steps after you clock out, correct?
> A. Yes.
> Q. And the company has never offered to pay you for any of this time?
> A. No.

Cerna Tr. 41:8-19. Setareh Decl. Exh. 3.

//
//
//
//
//
//

PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

IV.     **SUMMARY OF APPLICABLE LAW**

A.     **Obligation To Pay For all Hours Worked**

Section 4 of Wage Order No. 5 requires an employer to pay at least minimum wage for all hours worked. IWC Wage Order No. 5 § 4.[1] "Hours worked means the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so." *Id*. § 2(H.)

In addition to the obligation to pay for all hours worked, the employer has an obligation to maintain accurate records of the hours worked. Wage Order No. 5, subd. 7(A). This includes: "Time records showing when the employee begins and ends each work period." Subd. 7(A)(3). It also includes: "total hours worked in the payroll period." Subd. 7(A)(5).

The California Supreme Court's opinion in this case describes these requirements in detail:

> We first observe that IWC wage order No. 5-2001 (Wage Order No. 5) concerning the 'public housekeeping industry' includes establishments such as Starbucks that provide food and beverages. (See Wage Order No. 5 subd. 2(P).) Subdivision 2(K) defines hours worked as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so . . . The Labor Code also contemplates that employees will be paid for all work performed."

*Troester supra* at 840.

//

//

//

//

---

[1] Wage Order No. 5 for the Public Housekeeping Industry is the applicable Wage Order for this case. *Troester supra* at 840. Under California law, the Industrial Welfare Commission Wage Orders "are to be accorded the same dignity as statutes." *Kilby v. CVS Pharmacy Inc*., 63 Cal.4th 1, 11 (2016).

The California Supreme Court rejected Starbucks' argument that it could avoid paying for the time at issue based on a purported de minimis defense:

> In light of the Wage Order's remedial purpose requiring a liberal construction, its directive to compensate employees for all time worked, the evident priority it accorded that mandate notwithstanding customary employment arrangements, and its concern with small amounts of time, we conclude that the de minimis doctrine has no application under the circumstances presented here. An employer that requires its employees to work minutes off the clock on a regular basis or as a regular feature of the job may not evade the obligation to compensate the employee for that time by invoking the de minimis doctrine. . . .

> We recognize that one of the main impetuses between the de minimis doctrine in wage cases is 'the practical administrative difficulty of recording small amounts of time for payroll purposes. . . . But employers are in a better position than employees to devise alternatives that would permit the tracking of small amounts of regularly occurring work time. One such alternative, which it appears Starbucks eventually resorted to here, was to restructure the work so that employees would not have to work before or after clocking out.

*Troester supra* at 848. The California Supreme Court concluded as follows:

> We hold that the relevant California statutes and wage orders have not incorporated the de minimis doctrine found in the FLSA. We further conclude that although California has a de minimis rule that is a background principle of state law, the rule is not applicable to the regularly reoccurring activities that are principally at issue here.

*Id.*

## B.   <u>Obligation to Provide Accurate Wage Statements</u>

Labor Code section 226(a) requires employers to provide accurate itemized wage statements that provide among other things, the total hours worked and the applicable hourly rates:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees . . . an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee.

Here, the wage statements were inaccurate because they did not include the actual hours worked. Further, the failure to provide this required information injured Plaintiff and the putative class by making it difficult, if not impossible, to discover the violations at issue.

## C.    Restitution For Unfair Competition Law Claims

Unpaid wages are "unlawful business practices" under the Unfair Competition Law (Bus. & Prof.Code §§ 17200, et seq.). *People v. Los Angeles Palm, Inc*. (1981) 121 Cal.App.3d 25. Claims under Bus. & Prof. Code § 17200 are subject to a four-year statute of limitations. Bus. & Prof.Code § 17208; *Cortez v. Purolator Air Filtration Products Co.* (2000) 23 Cal.4th 163, 178–179. Plaintiff seeks restitution of unpaid wages under the UCL.

## V.    THE PARTIES

### A.    Plaintiff and Class Representative

Douglas Troester worked as a shift supervisor for Starbucks from June 2008 until January 2011. Troester Tr. 52:25-53:7. Setareh Decl. Exh. 1. He worked at various Starbucks locations in Los Angeles, including the Hollywood Way and Lankersheim locations. Troester Tr. 52:14-24;72:25-74:17. Setareh Decl. Exh. 1.

### B.    Defendant

Defendant Starbucks is a coffee house chain with over 90,000 locations worldwide and approximately 1,700 locations in California.

## VI.    DISCUSSION

### A.    Standards Governing Motions For Class Certification

Parties seeking class certification bear the burden of demonstrating that they have met each of the four requirements of Federal Rule of Civil Procedure 23(a) and at least one of the requirements of Rule 23(b). *Ellis v. Costco Wholesale Corp*., 657 F.3d 970,

979-80 (9th Cir. 2011), citing *Zinser v. Accufix Research Inst., Inc*., 253 F.3d 1180, 1186 (9th Cir.), amended by 273 F.3d 1266 (9th Cir.2001).

The Rule 23 analysis begins with Rule 23(a).  "Rule 23(a) ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S.Ct. 2541, 2551 (June 20, 2011). Plaintiff bears the burden of establishing that each of the proposed Classes meets the requirements of Rule 23(a) and one section of Rule 23(b).  *Haley v. Medtronic, Inc.*, 169 F.R.D. 643, 647 (C.D. Cal. 1996).  However, the requirements of Rule 23 "should be liberally construed."  3 Conte & Newberg, *Newberg on Class Actions* § 7.20 (4th ed. 2002).

When deciding on a certification motion, all factual allegations in Plaintiff's operative complaint must be accepted as true.  *Arthur Young & Co. v. United States Dist. Court*, 549 F.2d 686, 688 n.3 (9th Cir. 1977), *cert. denied* 434 U.S. 829 (1977); *Blackie v. Barrack*, 524 F.2d 891, 900 n. 17 (9th Cir. 1975), cert. denied, 429 U.S. 816 (1976).  As the Ninth Circuit reiterated in *Moore v. Hughes Helicopters, Inc.*, 708 F.2d 475 (9th Cir. 1983), a limited "inquiry into the substance of a case may be necessary to ascertain satisfaction of Rule 23(a)'s commonality and typicality requirements, [but] it is improper to advance a decision on the merits to the class certification stage."  *Id.* at 480 (citing *Eisen*, 417 U.S. at 177-178); see also *Valentino v. Carter- Wallace, Inc.*, 97 F.3d 1227, 1231-32 (9th Cir. 1996).  "Nonetheless, the district court does not conduct a mini-trial to determine if the class 'could actually prevail on the merits of their claims.' [*Ellis*], at 983 n. 8; *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union, AFL–CIO v. ConocoPhillips Co*., 593 F.3d 802, 808 (9th Cir.2010) (citation omitted) (court may inquire into substance of case to apply the Rule 23 factors, however, '[t]he court may not go so far ... as to judge the validity of these claims.')."  *Johns v. Bayer Corp*., 09CV1935 AJB POR, 2012 WL 368032 (S.D. Cal. Feb. 3, 2012).  Instead, at this point, the Court need only determine if the Plaintiff has satisfied Rule 23, not

weigh competing evidence.  *Staton v. Boeing Company*, 327 F.3d 938 (9th Cir. 2003); *Blackie*, 524 F.2d at, 901 n.17.

Evidence put forward at this time is not evaluated on an admissibility standard, such as would be the case for summary judgment or trial.  At the certification stage, "the court makes no findings of fact and announces no ultimate conclusions on Plaintiffs' claims." *Mazza v. Am. Honda Motor Co*., 254 F.R.D. 610, 616 (C.D. Cal. 2008), reversed on other grounds. "[I]n determining whether to certify the class, the district court is bound to take the substantive allegations of the complaint as true." *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig*., 691 F.2d 1335, 1342 (9th Cir. 1982) (citing *Blackie*, 524 F.2d at 901 n.7 (9th Cir. 1975)).  "[T]he court may consider evidence that may not be admissible at trial," *Mazza*, 254 F.R.D. at 616 (citing *Eisen*, 417 U.S. at 178), and a "district court may certify a class without supporting evidence." *Dominguez v. Schwarzenegger*, 270 F.R.D. 477, 483 n.5 (N.D. Cal. 2010) (citing *Hanon v. Dataproducts Corp*., 976 F.2d 497, 509 (9th Cir. 1992)). "The court need not address the ultimate admissibility of the parties' proffered exhibits, documents and testimony at this stage, and may consider them where necessary for resolution of the [Motion for Certification]." *Mazza*, 254 F.R.D. at 616.

"The amount of damages is invariably an individual question and does not defeat class action treatment." *Blackie*, 524 F.2d at 905; *Stearns v. TicketMaster Corp*., 655 F.3d 1013, 1026 (9th Cir.2011) (citing *Blackie* in a case decided after the *Wal–Mart* and *Ellis* decisions).

Class certification under Fed. R. Civ. P. 23 is a two-step process. First, plaintiffs must demonstrate that the four requirements of Rule 23(a) are met: "One or more members of a class may sue or be sued as representative parties on behalf of all members only if (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the

representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). "Class certification is proper only if the trial court has concluded, after a 'rigorous analysis,' that Rule 23(a) has been satisfied." *Wang v. Chinese Daily News, Inc*., 709 F.3d 829, 833 (9th Cir.2013).

Second, a plaintiff must also establish that one of the bases for certification in Rule 23(b) are met. Here, Plaintiff invokes 23(b)(3), which requires plaintiffs to prove the elements of "predominance" and "superiority": "questions of law or fact common to class members predominate over any questions affecting only individual members, and ... a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." (Fed. R. Civ. Pro. 23(b)(3).)

The party seeking class certification bears the burden of demonstrating by a preponderance of the evidence that all four requirements of Rules 23(a) and at least one of the three requirements under Rule 23(b) are met. (*See Dukes*, 131 S.Ct. at 2551 ("A party seeking class certification must affirmatively demonstrate his compliance with the Rule— that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc.").)

**B.    The Requirements For Class Certification Are Satisfied**

In this context, "the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974).   The court "is bound to take the substantive allegations of the complaint as true," *Blackie v. Barrack*, 524 F.2d 891, 907 n. 17 (9th Cir. 1975).

**1.    The Requirements of Rule 23(a) Are Satisfied Here**

"Under Rule 23(a), the party seeking certification must demonstrate, first, that" (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the

representative parties will fairly and adequately protect the interests of the class. *Id*. at 2548.

### a. *Numerosity*

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable," not impossible.  FED. R. CIV. P. 23(a)(1); *Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1019 (9th Cir. 1998).  But plaintiffs do not need to state the exact number of potential class members, nor is a specific number of class members required for numerosity; rather, whether joinder is impracticable depends on the facts and circumstances of each case.  *General Tel. Co. v. EEOC*, 446 U.S. 318, 330 (1980).

There is no specific number of class members required for certification. "Nonetheless, courts have recognized that the numerosity requirement is generally satisfied when the class is in excess of forty members. *See Jordan v. Los Angeles County*, 669 F.2d 1311, 1319 (9th Cir.1982) (finding 39 individuals was likely sufficient number), vacated on other grounds, *County of Los Angeles v. Jordan*, 459 U.S. 810, 103 S.Ct. 35, 74 L.Ed.2d 48 (1982); *Slaven v. BP America, Inc.*, 190 F.R.D. 649, 654 (C.D.Cal.2000); *see also e.g. Gay v. Waiters' & Dairy Lunchmen's Union*, 549 F.2d 1330 (9th Cir.1997)." *Charlebois v. Angels Baseball, LP*, SACV 10-0853 DOC ANX, 2011 WL 2610122 (C.D. Cal. June 30, 2011).

In this case, the numerosity of the proposed Classes cannot reasonably be disputed. The class list produced by Starbucks has more than 1,800 names on it. Setareh Decl. ¶ 24.

### b. *Typicality*

Rule 23(a)(3) requires "the claims or defenses of the representative parties [to be] typical of the claims or defenses of the class." Fed.R.Civ.P. 23(a)(3). "Under the rule's permissive standards, representative claims are 'typical' if they are reasonably coextensive with those of absent class members; they need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1101, 1020 (9th Cir. 1998); *see also Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985). The commonality, typicality, and adequacy-

of-representation requirements "tend to merge" with each other. *Dukes*, at 2551 n. 5 (citing *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 n. 13 (1982)).

Plaintiff is a member of the proposed class and suffered the same injury as fellow class members – namely, the wage and hour violations alleged. Plaintiff's and absent class members' claims arise from the same conduct and are based on the same legal theories. Accordingly, typicality is satisfied.

### c. *Adequacy of Representation*

The adequacy requirement under Rule 23(a)(4) "requires: (1) that the proposed representative plaintiffs do not have conflicts of interest with the proposed class, and (2) that plaintiffs are represented by qualified and competent counsel." *Dukes*, 603 F.3d at 614; *see also Hanlon*, 150 F.3d at 1020 (adequacy turns on absence of conflicts with other class members and whether named plaintiffs and their counsel prosecute the action vigorously). In *Staton v. v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003), the Ninth Circuit stated two questions that define  adequacy of representation: whether (1) the representative plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class. *Staton*, 327 F.3d at 957; *Hanlon*, 150 F.3d at 1020. Here, the answer to the first is "No," and the second, "Yes."

The deposition testimony of Troester submitted herewith demonstrates that he suffered the same wage and hour issues as other class members. Setareh Decl. Exh. 1. Troester's declaration shows that he understands and is ready to fulfil his duties as a class representative. Troester Decl. ¶ 2. Because he is adequate, this Court should appoint him to represent the class.

Similarly, counsel's declarations filed herewith establish that Plaintiff's counsel are experienced in litigating wage and hour class actions and other complex cases.  Counsel have investigated the claims, demonstrated their knowledge of the applicable law, possess the resources needed to represent the class, and demonstrated that they can and will

vigorously prosecute this class action. Of course, counsel here also has litigated this case up to the California Supreme Court and obtained a victory that preserved the claims of the class members.

> **d.** *Commonality is Satisfied:  All Class Members Were Subjected to the Same Policies.*

Rule 23(a)(2) requires that there be questions of fact or law common to the class. Fed. R. Civ. P. 23 (a)(2).  The Ninth Circuit has explained the commonality requirement as follows in an opinion affirming the certification of a wage and hour claim:

> The Supreme Court has recently emphasized that commonality requires that the class members' claims 'depend upon a common contention' such that 'determination of its truth or falsity will resolve an issue that is central to the validity of each claim in one stroke.' " *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 588 (9th Cir.2012) (quoting Wal–Mart, 131 S.Ct. at 2551) (internal alteration omitted). Put another way, the key inquiry is not whether the plaintiffs have raised common questions, "even in droves," but rather, whether class treatment will "generate common *answers* apt to drive the resolution of the litigation." *Wal–Mart*, 131 S.Ct. at 2551 (quoting Richard A. Nagareda, Class Certification in the Age of Aggregate Proof, 84 N.Y.U. L.Rev. 97, 132 (2009)) (emphasis added) (internal quotation marks and alteration omitted). This does not, however, mean that *every* question of law or fact must be common to the class; all that Rule 23(a)(2) requires is "a single significant question of law or fact." *Mazza*, 666 F.3d at 589 (emphasis added); *see also Meyer v. Portfolio Recovery Assocs.*, 707 F.3d 1036, 1041–42 (9th Cir.2012), cert. denied, 133 S.Ct. 2361, 185 L.Ed.2d 1068 (2013).

*Abdullah v. U.S. Sec. Associates*, 731 F.3d 952, 957 (9th Cir. 2013).  As a decision from the Northern District has similarly explained:

> For the purposes of Rule 23(a)(2), "even a single common question" is sufficient. *Wal–Mart*, 131 S.Ct. at 2556 (internal alterations omitted). The common contention, however, "must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* at 2551. "What matters to class certification...is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide

proceeding to generate common answers apt to drive the resolution of the litigation." *Id*.

*Reyes v. Bakery and Confection Union and Industry International Pension Fund*, 2015 WL 5569462, *3 (N.D. Cal. 2015).

Further, commonality can be provided not only by common claims but also by common defenses. *See, e.g.*, *Del Campo v. American Corrective Counseling Servs., Inc.*, 254 F.R.D. 585, 592 (N.D. Cal. 2008) ("With respect to legal commonality, Defendants are asserting a common defense.").

Here, based on the class definitions, class members share an overarching common set of claims regarding the legality of Starbucks' wage and hour practices. *See, e.g.*, *Negrete v. Allianz Life Ins. Co.*, 238 F.R.D. 482, 488 (C.D. Cal. 2006) (finding commonality satisfied where class members' claims "derive from a common core of salient facts, and share many common issues" and granting class certification). Similarly, Starbucks' clear intention to pursue common defenses against class members in accordance with California law raises additional, overarching common questions regarding the legality of those policy. Accordingly, commonality exists and is satisfied.

## 2. Plaintiff Also Satisfies the Requirements of Rule 23(b)(3)

Under Rule 23(b)(3), certification is proper if: (1) questions of law or fact common to the members of the class predominate over any questions affecting only individual class members; and (2) class treatment is superior to other available methods for the fair and efficient adjudication of the controversy. *Local Joint Exec. Bd. Of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1162-63 (9th Cir. 2001); *Negrete*, 238 F.R.D. at 487, 489. Here, Plaintiff satisfies both predominance and superiority, warranting class certification.

### a. Common Questions Predominate

Rule 23(b)(3)'s predominance inquiry tests "whether proposed classes are sufficiently cohesive to warrant adjudication by representation." (*Abdullah*, 731 F.3d at

964 (citation omitted).) "The main concern of the predominance inquiry under Rule 23(b)(3) is 'the balance between individual and common issues.'" (*Wang v. Chinese Daily News, Inc.,* 737 F.3d at 545-46 (citation omitted).) "Considering whether questions of law or fact common to class members predominate begins . . . with the elements of the underlying causes of action." (*Erica P. John Fund, Inc. v. Halliburton Co*., 131 S. Ct. 2179, 2184 (2011).)

The Ninth Circuit has made clear that predominance is met where common questions of liability are present and damages can be feasibly and efficiently calculated. *See*, *e.g.*, *Leyva v. Medline Industries, Inc.,* 716 F.3d 510, 514 (9th Cir. 2012) (finding predominance where wage and hour claims presented common legal questions and damages could be calculated using company documents and testimony); *Abdullah*, 731 F.3d at 964-67 (predominance satisfied where plaintiffs' claims would prevail or fail in unison given the common legal questions and ability to calculate class damages). (*See also Lopez v. G.A.T. Airline Ground Support, Inc.,* 2010 WL 363167 *8 (S.D. Cal. 2010): "Where, as here, the claim asserted by a proposed class is based upon a consistent employer practice, class certification is usually appropriate"; *Kamar v. Radio Shack Corp.,* 254 F.R.D. 387, 399 (C.D. Cal. 2008): "Class certification is usually appropriate where liability turns on an employer's uniform policy that is uniformly implemented, since in that situation predominance is easily established."

> ### b. Class Members' Claims Turn on the Common Legal Question of Whether the Closing Shift Time Was Compensable

The facts clearly establish that Plaintiff and the putative class members were subjected to the same practices in terms of uncompensated closing shift work. Courts have routinely certified analogous claims for off-the-clock work before or after shifts. *Moore v. Ulta Salon Cosmetics & Fragrance Inc*., 311 F.R.D. 590, 604 (C.D. Cal. 2015) (predominant common questions included "whether the time spent waiting for and/or undergoing inspections is labor within the meaning of the California Labor Code

. . . whether such work should be compensated . . . whether Ulta knew or had reason to know that its employees were performing uncompensated work"); *Cervantez v. Celestica Corp.,* 253 F.R.D. 562, 572 (C.D. Cal. 2008) (the "question of law common to all members of the security line class [was] whether time spent in the security line at the end of a shift is compensable under the California Labor Code."; *Scott-George v. PVH Corporation*, 2015 WL 7353928 *9 (E.D. Cal. 2015)(common questions predominated for bag check subclass); *Otsuka v. Polo Ralph Lauren Corp.,* 251 F.R.D. 439, 448 (N.D. Cal. 2008) (claims for uncompensated bag checks involved predominating common questions.) The result should be no different for the off-the-clock work in this case.

### c. *Individualized Issues as To the Amount of Damages Do Not Defeat Predominance*

As the Ninth Circuit has reaffirmed, in a wage and hour case, the potential need for damages to be established on an individual basis does not defeat predominance and therefore is not a basis for denying class certification. *Vaquero v. Ashley Furniture Industries, Inc.,* 824 F.3d 1150 (9th Cir. 2016.)

In *Vaquero* the defendant in a wage and hour case argued that pursuant to the United States Supreme Court's decision in *Comcast Corp. v. Behrend*, 133 U.S. 1426 (2013) predominance does not exist if damages calculations cannot be performed on an individual basis. The Ninth Circuit explained that this was a misreading of *Comcast:* "We have interpreted *Comcast* to mean that "plaintiffs must be able to show that their damages stemmed from the defendant's actions that created the legal liability." *Id.* at 1154.

The Ninth Circuit further explained that: "In a wage and hour case, unlike in an antitrust class action, the employer-defendant's actions *necessarily* caused the class members' injury. . . . Therefore, even if the measure of damages proposed here is imperfect, it cannot be disputed that the damages . . . stemmed from *Defendants'* actions." *Id.* at 1155.

//

Further, while it may be necessary to use statistical evidence to determine the amount of damages owed to the class, as the United States Supreme Court has ruled there is nothing wrong with that. *Tyson Foods, Inc. v. Bouaphakeo*, 136 S.Ct. 1036, 1047 (2016.) In *Tyson*, the United States Supreme Court explained as follows:

> In this suit . . . respondents sought to introduce a representative sample to fill an evidentiary gap created by the employer's failure to keep adequate records. If the employees had proceeded with 3,344 individual lawsuits, each employee likely would have had to introduce (statistical evidence) to prove the hours he or she worked. Rather than absolving the employees from proving individual injury, the representative evidence here was a permissible means of making that very showing.

### d. Predominance Exists for the Derivative Claims as Well

The conclusion should be no different for the derivative claims, i.e. the claim for inaccurate wage statements under Lab. Code § 226(a), and the claim for restitution under Bus. & Prof. Code § 17200.

As a district court has explained, when claims for inaccurate wage statement penalties under Labor Code section 226 are derivative of the underlying wage-and-hour claim and therefore "if Plaintiff's other claims can be tried on a class-wide basis, these claims are also ripe for class adjudication." (*Dilts v. Penske Logistics, LLC,* 267 F.R.D. 625, 640 (S.D. Cal. 2010.)[2]

Further, UCL unlawful business practice claims are also derivative of the underlying wage and hour claim. (*Smith v. Ford Motor Company*, 749 F.Supp.2d 980, 997 (N.D. Cal. 2010) (claim brought under unlawful prong of UCL rises or falls with underlying statutory claim).

Therefore, if common issues predominate for the closing shift claims, they necessarily predominate for the derivative claims, and those claims should be certified as well.

---

[2] The wage statement claim is derivative because if no wages were owed, the wage statements were not inaccurate in that respect.

### 3.    Class-Action Treatment Is Superior to Individual Actions

Rule 23(b)(3) also requires this Court to determine whether "a class action is superior to other available methods for a fair and efficient adjudication of the controversy."  A class action is superior to other methods of litigation "[w]here class wide litigation of common issues will reduce litigation costs and promote greater efficiency" and where "no realistic alternative exists to class wide treatment."  *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234-35 (9th Cir. 1996).  Rule 23(b)(3) lists four specific factors to be considered in deciding superiority.  In addition to those four factors, additional factors have been identified as affirming the superiority of employment law class actions.

#### a.    *Based on The Nature and Size of The Claims, Class Members Have Little Incentive to Bring Individual Actions*

The first factor to be considered is the interest of each class member in "individually controlling the prosecution or defense of separate actions."  Fed. R. Civ. P. 23(b)(3)(A).  Here, any such interest is minimal because, while the aggregate damages of the class members may be large, the damages of each individual class member will be too small to warrant pursuit of individual claims. *See Hanlon*, 150 F.3d at 1023.  In fact, a class action is the only feasible means by which individual employees who are victims of Starbucks' employment practices can hope to obtain any cost-effective remedy.  Each employee's prospective recovery is insufficient to motivate any individual employee to pursue litigation because this fairly small amount pales in comparison to the significant time and money routinely expended during litigation.  In that regard, any suggestion that individual class members have a strong interest in individually controlling their own litigation is both unrealistic and contrary to the philosophy of Rule 23.

If the class members cannot prosecute their relatively modest monetary claims on a class-wide basis, they will be left without recourse or remedy. The United States Supreme Court aptly explained that "[t]he policy at the very core of the class action mechanism is

to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights." *Amchem Prods.*, 521 U.S. at 617. Here, a lawsuit to recover relief for harm suffered due to the improper and unlawful employment practices of a large and powerful corporation like Starbucks is by its very nature difficult and costly. Class members could not afford to undertake individual litigation against Starbucks to recover the modest damages that would be at issue. As a result, all class members would be denied the opportunity to receive meaningful redress against Starbucks. Therefore, because the class action mechanism was designed to thwart such injustice (*see Amchem Prods.*, 521 U.S. at 617), class certification is particularly appropriate here.

### b. There are no Related Actions

Plaintiff's counsel is aware of no other cases involving the same claims. Pursuant to Local Rule 83-1.3.1, if Starbucks knew of another action raising the same claims as this one pending in this district, it was required to file a Notice of Related Cases. Similarly, pursuant to Local Rule 83-1.4, if Starbucks knew of such a case pending in another federal or state court, it was required to file a Notice of Pendency of Other Action or Proceeding.

### c. Concentrating Class Claims in a Single Forum Is Desirable

Another factor to be considered is the desirability "of concentrating the litigation of the claims in the particular forum." *See* Fed. R. Civ. P. 23(b)(3)(C). The United States District Court for the Central District of California is not only an appropriate forum for this class action, but the best and most logical forum. This forum is convenient for the parties and their counsel. First, Plaintiff lives in Los Angeles and members of the classes currently reside and/or have resided in California. Second, the Starbucks locations that Plaintiff worked at in California are in Los Angeles. Third, Starbucks is and has been, at all times relevant to this lawsuit, a corporation authorized to conduct and actually conducting business in California and in fact does conduct substantial business within the

Central District.  Therefore, because no other particular forum stands out as a "logical venue for concentration of claims," this venue is appropriate.  *Hanlon*, 150 F.3d at 1023.

### d.  No Significant Management Difficulties Are Present

The Court must compare "the difficulties likely to be encountered in the management of a class action" with other available alternatives.  *See* Fed. R. Civ. P. 23(b)(3)(D).  Management of this case as a class action will not involve such difficulty that individual actions would be a better way of resolving this controversy.  Liability to the classes will be determined on the basis of common proof of the practices at issue and the common fact of damage to all class members.

With respect to the need for individualized damage determinations, as discussed above, "The amount of damages is invariably an individual question and does not defeat class treatment."  *Blackie v. Barrack*, 524 F.2d 891, 905 (9th Cir. 1975).  With respect to how those damages will be proven, they can be determined through the use of well-established procedures, including surveys, questionnaires, representative sampling, and statistical extrapolation.  *See, e.g., Capitol People First v. Dept. of Developmental Serv.*, 155 Cal. App. 4th 676, 692-93 (2007); *Sav-On Drug Store, Inc. v. Superior Court*, 34 Cal. 4th 319, 333, n.6 (2004); *Bell v. Farmers Ins. Exch.*, 115 Cal. App. 4th 715, 750 (2004) (sampling in a class action is proper since it "does not dispense with proof of damages but rather offers a different method of proof").

### e.  Insulation from Fear of Retaliation by the Employer Renders Wage and Hour Class Actions Superior

Class actions are superior to individual litigation in that they provide current employees with insulation from fear of retaliation by their employer:

> A second factor in favor of class actions for these cases, as noted in *Bell,* is that a current employee who individually sues his or her employer is at greater risk of retaliation. We have recognized that retaining one's employment while bringing formal legal action against one's employer is not "a viable option for many employees."

*Gentry v. Superior Court*, 42 Cal. 4th 443, 459 (2007).  And federal courts, recognizing this real potential for retaliation by employers, have held that the potential for retaliation in employment litigation is an important justification for class certification. *Gentry*, 42 Cal. 4th at 459, collecting federal cases.

> ### f.   *Uncertainty About Legal Rights Would Deter Individual Actions, Rendering Class Resolution Superior*

Class actions are also superior to individual litigation because many individuals may be unaware that their rights have been violated.  This is particularly true in employment litigation class actions, where the employee may be unaware of the wrongfulness of the employer's conduct: "Similarly, it may often be the case that the illegal employer conduct escapes the attention of employees." *Id.* at 461.  And because overtime and other wage payment laws are often complicated, even sophisticated employees may be unaware that their rights have been violated. *Id.*  In this matter, it is unlikely that any significant portion of the class is aware of the variety of obligations imposed on their employer by the Labor Code.  That lack of awareness, alone, renders individual actions substantially inferior to a class-wide adjudication of Plaintiff's claims.

> ### g.   *Class Actions Provide for Uniform Enforcement of Employees' Rights*

In addition to insulating current employees from the fear (justified or otherwise) of retaliation and providing redress to employees unaware of the full extent of their rights, class actions provide a more efficient method for enforcing the statutory policies of this state.  Trial courts should consider "the role of the class action in deterring and addressing wrongdoing." *Linder v. Thrifty Oil Co*., 23 Cal.4th 429 23 Cal.4th 429 at 445-446 (2000) (quoting *Blue Chip Stamps v. Superior Court* (1976) 18 Cal.3d 381, 385-386 (conc. opn. of Tobriner, J.)).  In the wage and hour context, class actions are essential to effective deterrence of wrongful conduct. *Gentry*, *supra*, 42 Cal. 4th at 462 (quoting *Bell*).

## VII.   <u>CONCLUSION</u>

All elements are met. The motion for class certification should be granted.

Respectfully submitted,
SETAREH LAW GROUP

Dated:  December 4, 2019

BY  <u>/s/ Shaun Setareh</u>
SHAUN SETAREH
Attorneys for Plaintiff
DOUGLAS TROESTER

PLAINTIFF'S MOTION FOR CLASS CERTIFICATION